## McCravey vs. Cox.

The service of a writ of summons upon Jonathan McCarver is not a legal notice to John McCravey to appear and defend.

### Error to Washington Circuit Court.

Hon. Elias Harrell, Circuit Judge.

J. D. Walker, for plaintiff.

Gregg, contra.

Mr. Chief Justice Walker delivered the opinion of the court.

This is an action of trover. At the return term the defendant made default; judgment was rendered, and at the next term of the court, a jury assessed the plaintiff's damages, upon which judgment was rendered, to which a writ of error has been prosecuted from this court. The defendant made no appearance in the court below, and the only question is, whether there was or not

service upon him. The plaintiff in error contends that there was not.

Upon referring to the record, we find a declaration and writ, followed by judgment against John McCravey. The return made by the sheriff upon the writ is, that he "executed the within writ on the within named Jonathan McCarver." That the two names are essentially different needs no argument. The service of the writ upon Jonathan McCarver was not notice to John McCravey to appear and defend .the suit, any more than if no return whatever had been made upon the writ. In point of fact, it may be true that the summons was served upon the defendant, but that the sheriff made a mistake in writing the return upon it. If such was the case, the plaintiff had it in his power to have the return amended according to the facts; but this he has failed to do, and as appears from the record the return is insufficient to charge the defendant with notice.

The judgment of the circuit court must be reversed, and the cause remanded; and as the defendant has made himself a party to the record by prosecuting his writ of error in this court, he will be held as chargeable with notice in the court below, with leave to make such defence as he would have been entitled to make at the return term of the writ, if regularly served upon him.