OF THE

## STATE OF IOWA.

AT

## DES MOINES, OCTOBER TERM, A. D. 1903.

AND IN THE FIFTY-SEVENTH YEAR OF THE STATE.

---

W. H. THORNILY, Appellee, v. LUKE B. PRENTICE, Appellant.

**Judgment:** COLLATERAL ATTACK: DEFECTIVE NOTICE. A judgment
1   without jurisdiction is void and may be contested in any action
in which a right thereunder is sought to be asserted, but this
rule does not apply where a judgment is entered on a defective
notice.

**Original Notice:** SUBSTITUTED SERVICE. Where the return of service
2   shows that a copy of the notice was left with a son of defendant,
unsupported by any allegation that he was a member of the
family or that it was left at defendant's usual place of resi-
dence, or that he was not found in the county, there is an
absolute want of service and no jurisdiction is required.

**Foreclosure of Mortgage:** PERSONAL LIABILITY OF CESTUI QUE TRUST.
3   In a suit to foreclose a mortgage, service upon the trustee
holding the legal title will probably sustain a decree of fore-
closure, but will not authorize the trustee to appear for the
cestui que trust so that a personal judgment can be rendered
against him.

(89)

Name of Defendant:  IDEM SONANS.   Where the service of an or-
4    iginal notice is by substitution and names defendant as "W.
     M. T." and judgment is rendered against "William M. T.",
     while his correct name is "Willis H. T.", the rule of *idem
     sonans* is not applicable and a judgment is void.

*Appeal from Van Buren District Court.*—HON. C. W.
VERMILLION, Judge.

TUESDAY, OCTOBER 6, 1903.

ACTION in equity to quiet plaintiff's title in a tract of
land in Van Buren county. Decree for plaintiff, and
defendant appeals.—*Affirmed.*

*Mitchell, Sloan & McBeth, J. H. Anderson* and *J.
W. Williams* for appellant.

*Wherry & Walker* for appellee.

WEAVER, J.—The question at issue under the plead-
ings turns upon the validity or invalidity of a judgment
entered by the district court of Van Buren county, which
judgment defendant alleges to be a lien upon the land
described in the petition. The circumstances material to
be stated are as follows: In the year 1887 one J. W.
Scott was the owner of a grist mill, in which he desired
to place new and improved machinery. To aid him in this
enterprise, plaintiff, with other neighbors, signed Scott's
promissory notes for a considerable sum, and in the name
of a trustee took a mortgage on the mill property to secure
themselves from loss thereon. In 1892 Scott found him-
self unable to pay the notes, and at the request of his sur-
eties made a deed of the mill to a trustee for their benefit.
The conveyance was made by an ordinary warranty deed,
but excepted from its covenants the lien of a first mort-
gage for $1,600 held by Luke P. Prentice, the defendant
herein. On March 12, 1892, the plaintiff, having rented
his farm to his son, removed to Ohio, where he has ever

since resided. On September 14, 1893, Prentice began an action to foreclose his mortgage, naming among the defendants the trustee, Edmundson, who held the legal title to the property: also "W. M. Thornily" and others, who were supposed to be the persons for whose benefit the deed was taken. In such foreclosure petition it was alleged that as a part of the consideration upon which Scott made said deed said "W. H. Thornily" and the others for whose benefit the deed was made promised and undertook to pay the mortgage debt to Prentice. Proof of service of original notice as to Thornily was made by sheriff's return as follows: "This notice came into my hands for service, September 15, 1893, and I certify that on the 25th day of Sept., 1893, I personally served the same on the foregoing defendants as follows: On W. M. Thornily by leaving a copy of notice with Paul Thornily, over 15 years of age, his son. All done in Van Buren county, Iowa, the 26th day of Sept., 1893. James Elerick, Sheriff." Edmundson, trustee, appeared to said action, and filed an answer "for himself and for the other defendants" except Scott and wife. Scott filed a crosspetition against his codefendants, alleging their promise to pay the debt to Prentice. Edmundson, trustee, again assumed to answer this pleading both for himself and for his codefendants; but upon the trial, and before judgment was entered, Edmundson and the other resident defendants, together with their attorneys of record, filed a written disclaimer of any right or authority to represent Thornily. Notwithstanding this disclaimer, the court proceeded to render personal judgment against "Wm. M. Thornily" and J. W. Scott for $1,813.66 and costs. On special execution the mortgaged property was sold to Prentice for $1,600, leaving the remainder of said judgment and costs still unpaid.

I. Appellee raises the question that the evidence has never been certified by the trial court. It is to be admitted that the abstract fails to make it clear whether

such certification was within the statutory time, or, indeed, at any time; but, in view of the conclusion we have reached upon the merits we have not gone to the transcript to determine the question thus raised. Moreover, there is no such denial by appellee as is required to put the sufficiency or completeness of the record in issue.

II. Appellant's first proposition is that the validity of the judgment cannot be questioned in a collateral proceeding. Assuming for the purposes of argument that this

1. JUDGMENT: collateral attack: defective notice.

action is a collateral attack upon the judgment, we have to say that this court is fully committed to the doctrine that a judgment without jurisdiction is not merely voidable, but absolutely void, and may be denied or contested in any proceeding, direct or collateral, in which a party seeks to assert a right under such pretended adjudication. In other words, a void judgment is no judgment, and its record does not estop the defendant therein from denying its binding force or effect whenever and wherever it may be asserted against him. *Kitsmiller v. Kitchen*, 24 Iowa, 163; *Lyon v. Vanatta*, 35 Iowa, 521; *Jordan v. Brown*, 71 Iowa, 421; *Hubner v. Reickhoff*, 103 Iowa, 368; *McAllister v. Johnson*, 108 Iowa, 42. This rule does not apply where service of notice is merely informal or defective, for in such case the court has jurisdiction to pass upon its sufficiency, and relief from a judgment rendered thereon must be sought by appeal or direct attack. *Cooper v. Sunderland*, 3 Iowa, 114; *Boker v. Chapline*, 12 Iowa, 204; *Shawhan v. Loffer*, 24 Iowa, 217; *Rotch v College*, 89 Iowa, 480; *Day v. Goodwin*, 104 Iowa, 374.

None of the cases upon which appellant relies goes further than the proposition last stated. If there were no service of original notice upon the appellee, and no auth-

2. ORIGINAL notice: substituted service.

orized appearance in his behalf in the appellant's foreclosure proceedings, he may, in this action, rightfully deny the validity of the

judgment there rendered against him, and contest the alleged judgment lien against his land.  That there was in fact no service of notice subjecting his person to the jurisdiction of the court is made very clear.  Appellee had for more than a year been, and has ever since remained, a resident of Ohio.  The sheriff's return makes no pretense of personal service, nor even of substituted service.  Its statement that a copy was left with the son, unsupported by any allegation that it was left with a member of his family, or at his usual place of residence, or that he was not to be found in the county of his residence, does not show even a defective or informal service, but no service, and gave the court no jurisdiction over him.

So, also, as to the appearance made in his behalf. The service of notice upon the trustee, who held the legal tle to the mortgaged property, was perhaps suffi-
3. PERSONAL liability of cestui que trust.
cient to authorize this court to enter a decree of foreclosure which would bind the appellee herein as a *cestui que* trust, but the trustee as such had no authority to appear for appellee as to any personal demand against him, or subject him to the hazard of a personal judgment in appellant's favor.  No attempt is made to show such authority, and both trustee and counsel entered an express disclaimer of right to speak or act for the appellee before the judgment was entered. Upon such a state of facts the court below had no other alternative than to hold the judgment void.

III.  The discussion in the preceding parargaph has been upon the assumption that the judgment in controversy is a judgment against appellee. . It is apparent, how-
4. NAME of defendant: idem sonans.
ever, that such is not the case.  The appellee's name is Willis H. Thornily.  The so-called "service of notice" was made, according to the sheriff's return, by leaving a copy with "Paul Thornily" for "W. M. Thornily."  The judgment is entered against "Wm. M. Thornily."  Now, it may be conceded for the

purposes of this case that, if this notice had been personally served upon appellee, or if he actually appeared in response to such service, a confusion or mistake in the name by which he was designated would not necessarily be fatal to the judgment, and that in the present proceeding his identity with the person sued could be established by parol evidence; but where reliance is had upon the constructive notice given by publication or by substituted service—a notice which the party to be charged may never in fact see or hear of—greater strictness must be observed. *Fanning v. Krapfl*, 61 Iowa, 417. A judgment rendered upon such service will bind no one not properly named in the record. This does not mean that the name must be correctly spelled, but it must be so nearly correct as to come within the rule of *idem sonans.* That is, if the name as spelled or written in the record, when pronounced according to commonly accepted methods, conveys to the ear a sound practically identical with the sound of the correct name as commonly pronounced, the designation is sufficient, and no advantage can be taken of the clerical error. 21 Am. & Eng. Ency. (2d Ed.) 313. Where, however, the record of a judgment entered upon a notice of this kind presents not a mere discrepancy or variation in the spelling of a defendant's name, but the use of a name other and different than that borne by the person against whom such judgment is sought to be enforced, the rule of *idem sonans* is not applicable, and the adjudication is of no validity against such person. In the *Fanning Case,* above cited, we held that a decree entered upon publication of notice directed to "P. F. B. Hopkins" gave the court no jurisdiction over "F. P. B. Hopkins." In the case before us appellant attempts to assert against Willis H. Thornily a judgment which he has obtained against William M. Thornily on a substituted service supposed to have been made on W. M. Thornily. That "Willis H." is not identical in sound or in fact with

"William M." or "Wm. M." hardly requires argument or illustration, but a few instances in which the rule has been applied may not be out of place. "Helen" and "Ellen" are distinct names. *Thomas v. Desney*, 57 Iowa, 61. So, also, "Furman" and "Freeman" (*Howe v. Thayer*, 49 Iowa, 154); "Henry" and "Harry" (*Garrison v. People*, 21 Ill.. 535); "May" and "Mary" (*Kennedy v. Merriam*. 70 Ill. 228); "McCarver" and "McCravey" (*McCravey v, Cox*, 24 Ark. 574); "Griffin" and "Griffith" (*Henderson v. Cargill*, 31 Miss. 367); "Matthew" and "Mather" (*Robson v. Thomas*, 55 Mo. 581). Nor is this a mere technicality.

When the rights of a person are to be concluded by a notice which is merely constructive, not actual, it is right and just that the party who wishes to avail himself of its benefits be held to follow the forms provided by statute. Adams, J., in *Fanning v. Krapfl, supra*, speaking of notice by publication, says: "Notice by publication, even where there is no misnomer, does not afford a very strong natural presumption that the fact of the pending of the action will be brought to the defendant's actual knowledge. Notice by this mode is allowable only out of necessity. It must often happen that great injustice is done and great hardship suffered. We are not disposed to open the door any wider than necessity requires. Whoever undertakes to give notice by publication, and misnames the defendant, is without excuse." These remarks are equally pertinent to a case of substituted service, and particularly where, as in this case, it appears to be an attempt to obtain personal jurisdiction of one who is admittedly a nonresident.

IV. Appellant, by way of counterclaim, sets up the alleged promise by appellee to pay the mortgage debt of Scott, and asks that, if the judgment in controversy be found void, he may now recover the amount remaining unpaid on said obligation. The testimony upon this issue is very conflicting. Scott, with other members of his family, testify very positively that such was the agree-

ment; while appellee and other witnesses strenuously deny it. The burden of establishing the promise is upon appellant, and we are inclined to agree with the trial court that the proof offered is insufficient to justify a finding in his-favor.

The judgment of the district court is AFFIRMED.