JENNIE A. SLEEPER, Guardian of George Andrew Sleeper, Minor, Appellant, v. E. C. KILLION, ET AL., Appellees.

Infants: GUARDIAN AD LITEM: SERVICE OF NOTICE. The court has no
1  power to appoint a guardian ad litem to represent minors until a legal notice of the suit has been properly served upon the minors.

Same: ORIGINAL NOTICE: SUFFICIENCY: JURISDICTION. An original notice
2  which is not addressed to a party to the suit, in which he is not named as party, and there is nothing in the notice itself to indicate that any relief is asked against him, will not confer jurisdiction to enter judgment by default, although the paper purporting to be notice of a suit was actually served upon him; and this rule applies in the case of infants under fourteen years of age.

*Appeal from Crawford District Court.*—HON. F. M. POWERS, Judge.

SATURDAY, MAY 16, 1914.

ACTION by a minor to set aside a decree on the ground that no proper service was made upon him of the proceeding in which the decree was entered. Decree for the defendant. Plaintiff appeals.—*Reversed.*

*E. H. Swasey* and *Mayne & Green,* for appellant.

*Sims & Keuhnle,* for appellees.

GAYNOR, J.—The facts upon which plaintiff predicates a right to relief are substantially as follows: The plaintiff

is the duly appointed guardian of George Andrew Sleeper, a
minor under the age of fourteen years, the only surviving
child of one Guy A. Sleeper, now deceased. About October
10, 1909, Ellen A. Sleeper, mother of Guy A. Sleeper, died,
and at the time of her death was the owner of the premises
involved in this action. She died leaving a will, by the terms
of which she gave to Guy A. Sleeper a life estate in the
premises, and the remainder to the children of Guy A.
Sleeper, to wit, Helen P. Sleeper and George Andrew Sleeper.
Prior to the time this action was commenced, Helen P. Sleeper
died. Geo. A. Sleeper therefore, at the time of the death of
his father, became the absolute owner of the premises above
described, subject to the rights of the defendants herein.
Prior to the death of the said Ellen A. Sleeper, she had
executed to the Ætna Life Insurance Company a mortgage
for $1,800 on the premises in controversy. After her death,
and upon the request of Guy A. Sleeper, this mortgage was
paid by one Chas. Tabor, out of the proceeds of a mortgage
on said premises, executed by Guy A. Sleeper to him. After
the payment of said Ætna Life Insurance mortgage, Charles
Tabor learned for the first time that Guy A. Sleeper was only
the owner of a life estate in the said premises, and he there-
upon commenced an action in the district court of Crawford
county, Iowa, entitling his action, ''Chas. Tabor, Plaintiff, v.
Guy A. Sleeper, Jennie Sleeper, Helen P. Sleeper, and George
Andrew Sleeper, Defendants.'' In his petition he asked that
the cancellation of said mortgage from Ellen A. Sleeper and
husband to the Ætna Life Insurance Company be set aside,
and that he be subrogated to the interest of said company,
under its mortgage, and asked that said mortgage be fore-
closed in his name and favor; that upon said petition a judg-
ment and decree were rendered as prayed, and the above
property sold under special execution; that, prior to the
issuance of the special execution, Chas. Tabor assigned the
judgment to the defendant Chas. L. Voss, and under said
special execution sale a sheriff's certificate and a deed were

issued to Voss. On February 25, 1911, Voss and wife conveyed the premises in controversy to the defendant Killion. The plaintiff, as the guardian of Geo. Andrew Sleeper, brings this action to have established in her ward, the title to the premises in controversy, described as the southwest quarter of section 27, township 84, range 40, west of fifth P. M., Crawford county, as against the titles, claims, liens, or interests of said defendants and each of them, and asks that each of them be forever barred or estopped from having or claiming any interest in, or title to, said premises, adverse to plaintiff; that the pretended sheriff's deed to Voss be decreed null and void, canceled, and set aside, and held for naught. Other relief is prayed for, which is not material to be considered here.

It is apparent that both the parties to this suit derived whatever title they had, to the premises, through Ellen A. Sleeper, the party who executed the mortgage to the Ætna Life Insurance Company. The plaintiff, Jennie A. Sleeper, claims a right, to the premises, in her ward, through the will of Ellen A. Sleeper. The defendants claim a right to the premises through the foreclosure proceedings, hereinbefore referred to. It appears that, upon the death of Ellen A. Sleeper, Guy A. Sleeper, her son, became vested with a life estate in the property. The remainder passed to and vested in his children, Helen P. Sleeper and George Andrew Sleeper, subject to the life estate. Helen P. Sleeper died before her father, and the title, under the will, thereupon vested in George Andrew Sleeper by the terms of the will, and he is entitled to the property, unless his right thereto has been divested by the foreclosure of the mortgage hereinbefore referred to.

It will be noticed that the petition in the foreclosure proceeding was entitled, "Chas. Tabor, Plaintiff, v. Guy A. Sleeper, Jennie Sleeper, Helen P. Sleeper, and George Andrew Sleeper, Defendants." It appears, however, that the original notice which was issued in that case and served was entitled,

"Chas. Tabor, Plaintiff, v. Guy A. Sleeper and Jennie Sleeper, Defendants;" that the original notice was not directed or addressed to Helen P. Sleeper or George Andrew Sleeper; that the names of George Andrew Sleeper, the minor plaintiff herein, and his sister, Helen P. Sleeper, a minor also, then living, but now deceased, were entirely omitted from the original notice upon which the foreclosure proceedings were based. The return of the original notice, however, recites that the same was served upon Helen P. Sleeper and George A. Sleeper, minors, as required by the law then in force, and would have been a proper service had they been named in the notice.

The original notice, upon which the foreclosure proceedings were had, is as follows:

State of Iowa, Crawford County—ss.: In the District Court of Crawford County, Iowa. At the December Term A. D. 1902. Charles Tabor, Plaintiff, v. Guy A. Sleeper, Jennie Sleeper, Defendants. You are hereby notified, that on or before the 28th day of November, A. D. 1902, a petition will be filed by said plaintiff, Charles Tabor, in the office of the clerk of the district court of Crawford county, Iowa, asking for judgment for nineteen hundred and eight ($1,908.00) dollars with interest thereon at eight per cent. (8%), payable annually, from and after January 1, 1901, on a certain note for eighteen hundred ($1,800.00) dollars, dated January 1, 1895, and given to the Ætna Life Insurance Company of Hartford, Connecticut, by Ellen A. Sleeper and Azro A. Sleeper, and asking the foreclosure of a certain mortgage given to secure the payment of said note upon the southwest quarter (S. W. ¼) of section twenty-seven (27) in township eighty-four (84) north of range forty (40) west of the fifth principal meridian in Crawford county, Iowa; also asking that plaintiff be subrogated to the rights of the payee of said note, the Ætna Life Insurance Company, and the cancellation of the note and mortgage by the said Ætna Life Insurance Company be set aside and held for naught. No personal judgment is asked against any of the defendants. For full particulars see petition when on file. And that unless you appear thereto and defend before noon of the second day of the next term of said court, commencing at Denison, Iowa, the eighth day of

December, A. D. 1902, default will be entered against you and judgment rendered thereon and decree entered as prayed in plaintiff's petition. Dated this 25th day of November, 1902.

The return upon said notice is in the following words and figures:

This notice came to hand this 25th day of November, 1902, and on this 25th day of November, 1902, I personally served the same in the township of Hanover in said county, upon the within named Guy A. Sleeper, by reading said notice to them and each of them and in their hearing, and delivering them and each of them a copy of same; and I personally served the same in said township upon the defendants, Helen P. Sleeper and George A. Sleeper, both being minors under fourteen years of age, by reading said notice to Helen P. Sleeper and George A. Sleeper, and each of them, and delivering them and each of them a copy of same; and by also giving to Guy A. Sleeper, father of the said named defendants, Helen P. Sleeper and George A. Sleeper, minors, a notice for each of said minors and by reading each of said notices to said Guy A. Sleeper in his hearing and delivering him a copy of same for each of said named Helen P. Sleeper and George A. Sleeper, minors, defendants. All done in Crawford County, Iowa.

It appears that, at the time this notice was served Helen P. Sleeper and George Andrew Sleeper were both under fourteen years of age and resided with their father and mother, Guy A. Sleeper and Jennie A. Sleeper.

The statute directing the manner of service on minors under fourteen years of age in proceedings of this kind is section 3533 of the Code of 1897, and reads as follows: "If the defendant is a minor under fourteen years of age, the service must be made on his father, mother or guardian, but if there be none of these within the state, then on the person therein having care of or control over him, or with whom he resides, or in whose service he is employed."

We must not, in the consideration of this case, confuse

the requirements of the law, as to the notice that is required to be given, with the manner of service of the notice. The notice is one thing. The service of the notice is quite a different matter.

Section 3514 makes provision for the notice required to be given, in the commencement of an action, and reads as follows: ''Action in a court of .record shall be commenced by serving the defendant with a notice, signed by the plaintiff, or his attorney, informing him of the name of the plaintiff, that a petition is, or on or before the date named therein.will be, filed in the office of the clerk of the court wherein action is brought, naming it, and stating in general terms, the cause or causes thereof, and if it is for money, the amount thereof, and that unless he appears thereto and defends before noon of the second day of the term at which the defendant is required to appear, naming it, his default will be entered, and judgment or decree rendered against him thereon.''

It is apparent from this record that the service of the notice issued herein was made in strict compliance with the requirements of the statute above set out. There is no complaint of the service. The contention of the plaintiff is that the notice itself was insufficient to confer jurisdiction upon this plaintiff (defendant in that suit), because it was not addressed to him. Nor was he named in the notice as a party to the suit; that by the very wording of the notice it conveyed the idea, only, that default and judgment would be entered, upon failure to appear, against Guy A. Sleeper and Jennie A. Sleeper; that no information was given to these defendants by the notice thus served upon them, or to the parent upon whom service was made; that if an appearance were not made by these minors, and a defense interposed, a default or judgment would be entered against them. The notice was addressed to Guy A. Sleeper and Jennie A. Sleeper, and they were informed of the name of the plaintiff; that a petition was or would be on file, of the cause of action against them, and that unless they appeared thereto and defended, before

noon of the second day of the term, at which they were required to appear, judgment or decree would be entered against them; that the notice failed to say to these minor defendants that, if they failed to appear, any action would be taken against them. Nor were the parties, on whom the notice was served, informed by the notice that any claim would be made, in the proceeding instituted, that would affect the rights of these minors. It is true that in the notice to them it was said, ''For fuller particulars, see petition when on file.'' The petition itself did show that relief was asked against these minors, and that their rights were involved in the suit instituted.

We are brought, therefore, in the consideration of this case, face to face with the proposition whether or not a notice, properly served, upon one who is named as defendant in a suit, but whose name does not appear in the notice served (where the notice is not directed or addressed to him), confers jurisdiction upon the court to entertain the cause as to him, and to render judgment and decree against him, in the absence of any appearance on his part.

In this case, the record discloses that neither Guy A. Sleeper nor Jennie A. Sleeper appeared in response to the notice, either for themselves, or for their minor children, and it further appears that no appearance was made in the suit for these minor children, either in person, or by parent, or guardian.

1. INFANTS: guardian ad litem: service of notice.

It does appear, however, that the court appointed a guardian ad litem for these minors who appeared and filed answer. This action of the court does not, however, relieve the embarrassment in the case, for until the court obtained jurisdiction of these minors by proper notice, properly served, there was no power, in the court, to appoint a guardian ad litem to represent them. That is, the court could not appoint a guardian ad litem to represent the minors until the court had first acquired jurisdiction of the person of the minors, by proper notice, properly served. See *Cummings v. Landes*, 140 Iowa, 80, and cases therein cited.

So the thought returns to the question whether or not a notice, which is not addressed to a party to a suit, where, in the notice, he is not named as a party to the suit, where there is nothing in the notice itself to indicate that any relief is asked against him, gives the court jurisdiction to enter judgment against him by default, because a paper, purporting to be a notice of a suit pending, is actually served on him.

2. SAME: original notice: sufficiency: jurisdiction.

In the case before us, Guy A. Sleeper, the father, had a life interest in the property involved. There was nothing in the notice to show that any relief was asked against these minors, or that it was intended by the proceeding to foreclose their interest in the property; nor did the notice, in itself, inform these minors that a judgment or decree of any kind would be rendered against them. Indeed, a reading of this notice would convey the idea that the only judgment and decree asked in the proceeding, to which reference was had, and concerning which the notice was intended to be given, would be entered, if at all, against Jennie A. and Guy A. Sleeper.

It will be observed that this notice was addressed to Guy A. Sleeper and Jennie A. Sleeper, defendants, and that it said to them, and to no one else, that, "unless you appear thereto and defend, default will be entered against *you,* and judgment rendered thereon, and decree entered as prayed in plaintiff's petition."

That to make a notice effectual to give the court jurisdiction of a party, it must be addressed to him, has been settled by former decisions of this court. See *Steele v. Murray,* 80 Iowa, 336; *In re Estate Elvina Anderson,* 125 Iowa, 670. In this last case it is said: "When a written notice is required to be served upon a person, the law contemplates that it shall be addressed to him. This we think is the uniform practice, and is demanded by the necessity of such address in order to guide the person making the service, and to identify the person served." This same ruling is recognized in *Bloom v. Sioux City Traction Company,* 148 Iowa, 453. In *White v. Johnson,*

27 Or. 282 (40 Pac. 511, 50 Am. St. Rep. 726), an action in which the administratrix of a party was substituted as defendant, and against whom judgment was subsequently taken on the service of a notice issued and addressed to the testator before his death, that court said, in holding the judgment void: The statute requires that ''the summons contain the name of the court in which the claim is filed, the names of the parties to the action, and the title thereof. It shall be subscribed by the plaintiff or his attorney, and directed to the defendant, and shall require him to appear and answer the complaint, . . . or judgment for want thereof will be taken against him.'' The court further said: ''These requirements are mandatory and not directory. . . . Now, the summons'' issued to the testator and ''served'' on his administratrix, ''Cordelia Johnson, in form filled the requirements of the statute, but Mrs. Johnson's name was not contained in the title, nor was it *directed to her*. So far as appears from the summons itself, it contained nothing which could or would inform her that she must appear in obedience to its mandate. So with the copy of the complaint with which she was served, she is nowhere mentioned as a party litigant either in her individual or representative capacity. She was informed by the order served with the summons and complaint that the action had been ordered continued against her as administratrix of A. H. Johnson, deceased; and she was advised thereby that she would have ten days after service within which to plead to the complaint. Is all this sufficient to put the administratrix in default after the lapse of ten days from the service, and to invest the court with jurisdiction to enter judgment against her in her representative capacity? Can it be said that she was served with the summons in the action, substantially such as the law directs?'' The court's answer to the query was that, inasmuch as no summons was served on the testator, A. H. Johnson, before his death, his personal representative, Mrs. Cordelia Johnson, could not be held in

default upon the service of a notice that was not addressed to her, either in her individual or representative capacity.

In *State ex rel. Ry. Co. v. Montegudo, J. P.,* 48 La. Ann. 1417 (20 South. 911), it was held that a judgment was absolutely void which was predicated upon a notice addressed to the president of the company, and not to the company itself, although served upon the company.

In *Rodgers v. Greene,* 33 Tex. 661, it was held that, unless the citation in a suit states the names of all the parties in the action, no judgment, by default, can be taken against the defendants or any one or more of them. See, also, *Keller v. Stanley,* 86 Ky. 240 (5 S. W. 477).

All these cases, with our own cases, are predicated on the thought that no one can be deprived of life, liberty, or property without due process of law; that notice is essential to due process of law; that in the citation, summons, or process of any kind requiring a person to appear in a court of record, to answer to a charge made against him, he must have notice of the proceedings. The notice must be addressed to him by name. He must be distinctly told in the notice that he is required to appear, and the consequences that will follow his failure to respond. It is not a sufficient answer to say that no prejudice resulted to the defendant from the failure to insert his name in the notice in this particular instance. There is danger in permitting courts to assume jurisdiction to determine and dispose of the rights of parties, upon notice that is not addressed to the party, and in which he is not distinctly informed that his presence is required to protect his interests. This rule is a salutory one and intended as a guard against fraud and imposition. It is not sufficient answer to say that the court, having the name of the defendant before it in the petition, and the name of the same defendant before it in the return of the service, is justified in concluding that the party named in the petition has been properly served with notice of the suit, under the rule that identity of name is identity of person in law, unless the contrary appears. It involves the

right of the defendant himself to know, from the process or summons, that he is required to appear in court in defense of his civil rights or his property. This is the only method prescribed by law by which knowledge of the proceeding against him is to be conveyed to him, and it must be strictly followed in order to give the court jurisdiction of his person.

It is argued, however, in this case, that inasmuch as these defendants were minors under fourteen years of age, and the law did not require personal service upon them, it was not necessary that their names be mentioned in the notice, upon which the court's jurisdiction depended.

It would occur to us that there was even greater reason for insisting on this rule, in the case of minors, for, under this statute, jurisdiction may be acquired of the minor, by service upon the party with whom he resides. How can the party, with whom he resides, know that the minor's interests are involved, unless the names of the minors are mentioned in the notice as parties against whom relief is sought? The rule is broader than this particular case, and cannot be cut down to its dimensions, and the rule ought to be broad enough, and must be made broad enough, to protect the interests of all parties whose rights are drawn into question in the courts of record in this state.

The notice must be addressed to the party named in the petition as defendant. Why? So that the officer charged with the duty of serving the notice may be informed of the name, and thereby the identity of the person on whom service is required to be made. It must be served on the party named in the petition, as defendant, in the name by which he is identified in the petition. Why? So that the court, in case of default, may be able to say, on an inspection of the petition and return, that the party named in the petition, as defendant, and against whom relief is sought, has been served with notice of the action against him. In this, the conclusion of the court rests on the assumption that identity of name is identity of person, unless the contrary appears. But this is not all. It

must be addressed to the party named in the petition and against whom relief is sought, by the name by which he is known, so that *he* may know that a proceeding has been instituted in the court against him, and that he is required to appear and defend, or that judgment will be returned against him.

Men are known, and their identity fixed, by the name by which they are known. When addressed by name, they respond as segregated individual entities. When not so addressed, they, as a rule, are not expected or required to respond. In nearly every state in which courts acquire jurisdiction by writ, summons, or process, it is required that the paper, on the service of which the court assumes a right to act, must be addressed to the party summoned, by his true name, or by the name by which he is generally known. It has been uniformly held that a writ, summons, or process to one, but served on another, gives the court no jurisdiction of the person served, although he be the real party to the suit, and the one against whom relief is sought. This is a salutory rule and prevents fraud and imposition, and is enforced even though no fraud is intended, or, in fact, accomplished. By holding to this rule, the doors are barred against possible fraud and imposition.

We are satisfied with the former holdings of this court, and do not think the authority relied upon by defendant (*Dahms v. Alston*, 72 Iowa, 411), when carefully read, contravenes the rule as hereinbefore stated. We think the court was without jurisdiction to enter the decree against the plaintiff herein, in the original suit, and that such decree was void.

It follows therefore that the court erred in entering the decree for the defendant in this case, and the same is therefore—*Reversed.*

LADD, C. J., and DEEMER and WITHROW, JJ., concur.