## LEDA POULIOT *vs.* ALFRED A. BERNIER.

### Oxford.   Opinion September 24, 1923.

*Where the validity of a divorce is involved in an issue tried before a jury, objections*
*to the sufficiency of the notice to the libellee, and to the form of the proceedings,*
*which are not made at the trial, are not open in the Law Court upon a motion*
*to set aside the verdict.*

When in an action for breach of promise to marry brought by a divorced woman
against her former husband upon an alleged promise to remarry her, the defend-
ant contends for the first time in the Law Court that the decree is void because
the name of the present plaintiff, the libellee in the action for divorce, was
incorrectly stated in the libel, and that service by publication upon the person
so named is insufficient, there being no appearance for the libellee, such con-
tention comes too late.

The court is committed to the settled rule that points not made at the trial are
considered as waived.

On motion for a new trial.   This is an action to recover damages
for breach of a promise to marry.   The case was tried to a jury and a
verdict of five thousand, four hundred and seventy-nine dollars was
rendered in favor of the plaintiff and defendant filed a general motion
for a new trial.   Motion overruled.

The case is fully stated in the opinion.

*Albert Beliveau,* for plaintiff.

*Ralph T. Parker and George A. Hutchins,* for defendant.

SITTING:   CORNISH,   C.   J.,   HANSON,   PHILBROOK,   MORRILL,
DEASY, JJ.

MORRILL, J.   This is an action to recover damages for a breach of
a promise of marriage; the plaintiff has a verdict, and the case is
before us upon a general motion for a new trial.

The parties were married October 31, 1904; a divorce from the
bonds of matrimony was decreed October 20, 1908.   About a year
thereafter the plaintiff returned to Rumford, and to live with the
defendant upon his promise, frequently repeated, as she alleges, to
remarry her; these relations continued until April, 1922.

The defendant denied any promise to remarry, and the case was submitted to the jury upon that issue alone. Throughout the testimony in chief on both sides the fact that a divorce had been decreed was not questioned; the record of the divorce proceedings was introduced by plaintiff upon rebuttal, without objection from defendant's counsel who remarked, "I have no objection to that going in for either side to use."

The defendant does not contend that the jury were not warranted in returning a verdict for the plaintiff, but now, for the first time, contends that upon the record presented the decree of divorce was absolutely void and that the parties are now husband and wife.

The contention comes too late. Where the validity of a divorce is involved in an issue tried before a jury, objections to the sufficiency of the notice to the libellee, and to the form of the proceedings, which do not appear to have been made at the trial, are not open in the Law Court. *Burlen* v. *Shannon,* 115 Mass., 438, at Page 447. A losing party cannot avail himself of a point of law, not raised at the trial, as a ground for setting aside a verdict, on motion for a new trial. *Perkins* v. *McDuffee,* 63 Maine, 181, 183.

This court is committed to the settled rule that points not made at the trial are considered as waived. *Eaton* v. *Telegraph Co.,* 68 Maine, 63. *Cowan* v. *Bucksport,* 98 Maine, 305. *Coan* v. *Auburn Water Comrs.,* 109 Maine, 311. "It is obvious that such should be the general rule. A party should not be silent when he ought to speak. He ought to speak at the earliest practical moment in the progress of a trial, if he has, or thinks he has, a point which may be decisive." Cases have arisen, (*Belmont* v. *Morrill,* 69 Maine, 314), and doubtless will arise which involve exceptions to the rule; but the court recognizes such exceptions only in furtherance of justice. *Coan* v. *Water Comrs.,* supra.

This is not such a case. The attack upon the validity of the decree of divorce comes, not from the libellee, but from the libellant, who now asks us to declare void a decree of divorce between the parties to this action, that he may escape payment of damages for breach of a contract to remarry the libellee.

His counsel, recognizing the distinction between judgments void for lack of jurisdiction, which may be attacked collaterally, and those voidable only, which must be attacked directly, if at all, (*Blaisdell* v. *Inhbts. of York,* 110 Maine, 500, 509), contends that the court making

the decree of divorce had no jurisdiction of the cause and that the judgment is void. The facts are as follows: On August 25, 1908, the defendant signed by the name of "Fred Bernier" and made oath to a libel for divorce, in which he described himself as "Fred Bernier, of Rumford, in said county, husband of Lydia Pouliout Bernier, formerly of Rumford, now of parts unknown," and alleged "that he was lawfully married to the said Lydia Pouliot at Rumford Falls, Maine, on the 31st day of October A. D. 1904;" the libellee's name does not elsewhere appear in the libel. On August 26, 1908, a justice of this court made an order in accordance with the statute that notice be given "to said Lydia Pouliout Bernier Libellee" by publication of an attested copy of said libel and the order thereon. Personal service of the libel was not made upon the libellee, nor did she appear in the case; she testified that she knew nothing about the proceedings until after the divorce was granted. It is unquestioned that the name of the libellant is "Alfred A. Bernier," and the maiden name of the libellee "Leda Pouliot." On October 20, 1908, proof of notice by publication, as ordered, having been made, a decree was entered dissolving the bonds of matrimony "heretofore existing between the said Fred Bernier and the said Lydia Pouliout Bernier."

If the libellee had been personally served with process within the State, or had appeared and answered the libel, the misnomer alone would not invalidate the judgment; it is the constant and well established practice to admit parol testimony to identify persons named in a record; *Jay* v. *East Livermore,* 56 Maine, 107, 120; and if the writ is served on the party by a wrong name intended to be sued, and he fails to appear and plead the misnomer in abatement, and suffers judgment to be obtained, he is concluded, and in all future litigation may be connected with the suit or judgment by proper averments. Freeman on Judgments, Section 154. "But where reliance is had upon the constructive notice given by publication—a notice which the party to be charged may never in fact see or hear of—greater strictness must be observed. A judgment rendered upon such service will bind no one not properly named in the record. This does not mean that the name must be correctly spelled, but it must be so nearly correct as to come within the rule of idem sonans . . . . Where, however, the record of a judgment entered upon a notice of this kind presents not a mere discrepancy or variation in the spelling of a defendant's name, but the use of a name other and different than

that borne by the person against whom such judgment is sought to be enforced, the rule of idem sonans is not applicable, and the adjudication is of no validity against such persons." *Thornily* v. *Prentice*, 121 Iowa, 89; 96 N. W., 728; 100 Amer. St., 317, where the reported case is followed by an exhaustive note collecting the cases in which the names in question have been held to be the same, or not the same, and cases in which the names have been held to be idem sonans, or the contrary, among which is our own case of *Millett* v. *Blake et al.*, 81 Maine, 531. *Flood* v. *Randall*, 72 Maine, 439. *Farrar* v. *Fairbanks*, 53 Maine, 143.

The defendant contends that the name of the libellee given in the libel is so different from her true name that the decree of divorce is a nullity. We have no occasion to pass upon this contention; it is not now, if ever, available to the defendant. Well knowing the correct name of his wife, he misstated it in the libel, either through sinister motives or negligently, and was content to take a decree of divorce upon a notice issued to the person so named. Relying upon that decree, he denied that he promised to remarry the plaintiff. Having taken the chance of a favorable verdict upon the theory that the divorce was valid, he cannot for the first time, in the Law Court, after an adverse verdict, be heard to contend that the decree of divorce is invalid. He must abide by the election he made at the trial. *Lawrence* v. *Chase*, 54 Maine, 196, 201.

*Motion overruled.*