FARMERS' STATE SAVINGS BANK OF FAIRBANK, Appellant, v. TOWN COUNCIL OF FAIRBANK et al., Appellees.

TAXATION: Assessment and Levy—Appeal—Fatally Defective Notice. In appealing from the action of a board of review, a notice of appeal which is addressed "to the presiding officer of the board of review" is fatally defective, in failing to *personally name* such officer.

TAXATION: Appeal—Good Service of Insufficient Notice. Good service cannot cure a fatally defective notice of appeal.

Headnote 1: 37 Cyc. p. 1116. Headnote 2: 37 Cyc. p. 1116.

. *Appeal from Buchanan District Court.*—GEORGE W. WOOD, Judge.

FEBRUARY 10, 1925.

REHEARING DENIED MAY 12, 1925.

THE appellant attempted to appeal to the district court from the action of the board of review in fixing the assessed valuation of its shares of stock for the purpose of taxation. A motion to dismiss the appeal was sustained by the lower court, and from this ruling the present appeal is prosecuted.—*Affirmed.*

*Cook & Cook,* for appellant.

*Hasner & Cherny,* for appellees.

VERMILION, J.—The appellee the town council of the town of Fairbank, sitting as a board of review, made a special appearance in the lower court, questioning the jurisdiction of the court upon the ground that the notice of appeal was insufficient to confer jurisdiction to hear the appeal. It appears that service of a notice addressed "to the presiding officer of the board of review of Fairbank, Iowa," and otherwise sufficient in form as a notice of appeal from the assessment of the shares of stock of the appellant bank, was acknowledged by William H. Miller, as "presiding officer of the board of review of said town or city." The objection goes to the sufficiency of the notice itself; not to the manner of its service. These are distinct things, as pointed out in *Sleeper v. Killion,* 166 Iowa 205.

1. TAXATION: assessment and levy: appeal: fatally defective notice.

The statute, Section 1373, Code Supplement, 1913 (Section 7133, Code of 1924), relating to the action of the board of review and appeals therefrom, provides in part as follows:

"Appeals shall be taken by a written notice to that effect to the chairman or presiding officer of the reviewing board, and served as an original notice."

Is a notice addressed "to the presiding officer of the board of review," without naming him, a sufficient notice?

We must regard the question as settled adversely to the contention of appellant by our prior decisions. The question has had recent careful consideration by the court, with the result that the rule as announced in a number of former cases was adhered to. *In re Paving Assessments,* 193 Iowa 1234. That case involved the sufficiency of a notice of appeal from a paving assessment. The statute, Section 839, Code of 1897, required notice of appeal to be served upon the mayor or clerk. The notice was addressed to the "mayor and city council," and was served upon the town clerk. It is to be observed that it was addressed "to the mayor." The mayor is one of those designated as a person upon whom service may be made. It was served upon the clerk, another person proper to be served. The service was good if the notice had been sufficient; but there, as here, the objection was not to the service, but to the notice itself. After referring to the earlier cases, we there said:

"*Descriptio personae* is not sufficient to meet the requirements of our statutes on notice."

The whole matter was summed up in this language:

"We hold that the notice in the instant case, not being addressed to any person, was not sufficient to confer jurisdiction upon the district court to entertain the appeal, and that the ground of the motion to dismiss, predicated upon this proposition, was well taken."

Here, too, the service was good, if the notice had been sufficient; but good service cannot cure a bad notice. *Sleeper v. Killion*, supra. It is unnecessary to again refer to the other cases so recently cited as sustaining the rule.

2. TAXATION: appeal: good service of insufficient notice.

The judgment must be and is—*Affirmed.*

FAVILLE, C. J., and EVANS, STEVENS, and ARTHUR, JJ., concur.