MARCUS SNYDER, Plaintiff, AMY VERN TYLER, Administratrix, Substituted Plaintiff, Appellee, v. INCORPORATED TOWN OF SPIRIT LAKE, Appellant, et al., Appellees.

No. 42360.

APRIL 3, ·1934.

REHEARING DENIED SEPTEMBER 27, 1934.

W. B. Bedell, for appellant.

Leslie E. Francis, for appellee Amy Vern Tyler.

H. E. Narey, for appellees A. L. Taylor, W. M. Moreland, Dickinson County, Board of Supervisors of Dickinson County, and Bankers Life Co.

EVANS, J.— Within a few days after the entering of decree, plaintiff died. Within a few days thereafter, Amy Vern Tyler was duly appointed as his administratrix and by proper order of the court was substituted as plaintiff herein. Immediately thereafter the sheriff purported to serve the purported notice of appeal. Said notice carried the title which appears hereto above. Following such title appeared the following as the body of the notice:

*"To Marcus Snyder or to his Attorney L. W. Owen.* To A. L. Taylor, Treasurer of Dickinson County, Iowa, W. M. Moreland, substituted defendant for A. L. Taylor, Treasurer of Dickinson County, Iowa, the Board of Supervisors of Dickinson County, Iowa, F. W. Jones, Chairman of the Board of Supervisors of Dickinson County, Iowa, Bankers Life Company, or H. E. Narey, their attorney, to Elizabeth Steiner, Commercial National Co., C. F. Hambrecht, Louis Hoffelder, Walter R. Hughes, Joe Holub, Dr. J. B.

·Kessler, Marie O. Barnett, W. A. Bailey and Anna Griffin, and to E. A. Miguel, Clerk of said District Court.

"You and each of you are hereby notified that the Incorporated Town of Spirit Lake, Iowa, has appealed from the judgment and decree of the District Court aforesaid, rendered against the Incorporated Town of Spirit Lake, Iowa, and against A. L. Taylor, Treasurer of Dickinson County, Iowa, W. M. Moreland, substituted defendant for A. L. Taylor, Treasurer of Dickinson County, Iowa, the Board of Supervisors of Dickinson County, Iowa, and F. W. Jones, Chairman of the Board of Supervisors of Dickinson County, Iowa, in the above entitled cause on the 16th day of February, 1933, to the Supreme Court of Iowa, and that said appeal will be for hearing and trial at the September term of said court to be held at Des Moines, Iowa, commencing on the 19th day of September, 1933.

"W. B. Bedell, Attorney for the Incorporated Town of Spirit Lake, Iowa."

The defect of the notice, if such, was that it was not addressed *to* Amy Vern Tyler, administratrix. The return of service upon this notice, in so far as material here, was as follows:

| "Name of person. | Month | Day | Yr. | Township | Co. | State |
|---|---|---|---|---|---|---|
| L. W. Owen as Attorney for | | | | | | |
| Marcus Snyder, | | | | | | |
| deceased. | June | 15 | 1933 | C.G. | D. | Iowa |
| Amy Vern Tyler, | June | 15 | 1933 | S.L. | D. | Iowa |

"Geo. L. Paulson, Sheriff of Dickinson County,
"By, M. C. Nelson, Deputy."

. The body of this notice purports to address itself *to*, and to declare an appeal *against, all* the persons named in the title *except Amy Vern Tyler, administratrix*. The one saving feature of the case, if such, is the inclusion of the name of "Amy Vern Tyler, administratrix," in the *title* of the case. In other words, if the name of the administratrix had not been included in the title of the case, it would leave literally nothing upon which the appellant could stand as an appellant herein. In brief the body of the notice purports to give notice of the appeal to every person named in the title *except the administratrix*. No pronouncement of the notice is directed in terms against her. If we were permitted to discover

and to recognize the intent of the appellant by implication or inference or as a matter of intuition, we should doubtless reach the conclusion that it intended to appeal from the order of the district court as against all the parties named in the case including the administratrix. Is that an appropriate reason for sustaining the sufficiency of the notice to confer jurisdiction? Our previous cases have spoken with some rigor upon this subject and with condemnation of a slipshod method of performing jurisdictional requirements. The appellate jurisdiction of this court should be made to appear upon the face of the record presented to it. The statute has sought to remove the question from the realm of debate by prescribing with simplicity the course to be pursued. In the performance of the statutory method, we have held that one of the fundamental elements of a jurisdictional *notice* is that it be addressed in terms *to* the person to be notified. It has been held that nothing less than this will single out the person against whom the notice is directed. In Pilkington v. Potwin, 163 Iowa 93, 144 N. W. 39, we had the question before us. In that case it was intended to serve one I. A. Potwin. The notice in form was mistakenly directed in form to I. N. Potwin. It was actually served upon I. A. Potwin. We held that it failed to confer jurisdiction. The same question was considered by us in Sleeper v. Killion, 166 Iowa 205, 147 N. W. 314. We quote from the opinion in that case:

"The notice must be addressed to him by name. He must be distinctly told in the notice that he is required to appear, and the consequences that will follow his failure to respond. It is not a sufficient answer to say that no prejudice resulted to the defendant from the failure to insert his name in the notice in this particular instance. There is danger in permitting courts to assume jurisdiction to determine and dispose of the rights of parties, upon notice that is not addressed to the party, and in which he is not distinctly informed that his presence is required to protect his interests. This rule is a salutary one and intended as a guard against fraud and imposition. It is not sufficient answer to say that the court, having the name of the defendant before it in the petition, and the name of the same defendant before it in the return of the service, is justified in concluding that the party named in the petition has been properly served with notice of the suit, under the rule that identity of name is identity of person in law, unless the contrary

appears. It involves the right of the defendant himself to know, from the process or summons, that he is required to appear in court in defense of his civil rights or his property. This is the only method prescribed by law by which knowledge of the proceeding against him is to be conveyed to him, and it must be strictly followed in order to give the court jurisdiction of his person. * * *

"The notice must be addressed to the party named in the petition as defendant. Why? So that the officer charged with the duty of serving the notice may be informed of the name, and thereby the identity of the person on whom service is required to be made. It must be served on the party named in the petition, as defendant, in the name by which he is identified in the petition. Why? So that the court, in case of default, may be able to say, on an inspection of the petition and return, that the party named in the petition, as defendant, and against whom relief is sought, has been served with notice of the action against him. In this, the conclusion of the court rests on the assumption that identity of name is identity of person, unless the contrary appears. But this is not all. It must be addressed to the party named in the petition and against whom relief is sought, by the name by which he is known, so that he may know that a proceeding has been instituted in the court against him, and that he is required to appear and defend, or that judgment will be returned against him.

"Men are known, and their identity fixed, by the name by which they are known. When addressed by name, they respond as segregated individual entities. When not so addressed, they, as a rule, are not expected or required to respond. In nearly every state in which courts acquire jurisdiction by writ, summons, or process, it is required that the paper, on the service of which the court assumes a right to act, must be addressed to the party summoned, by his true name, or by the name by which he is generally known. It has been uniformly held that a writ, summons, or process *addressed* to one, but *served* on another, gives the court no jurisdiction of the person served, although he be the real party to the suit, and the one against whom relief is sought. This is a salutary rule and prevents fraud and imposition, and is enforced even though no fraud is intended, or, in fact, accomplished. By holding to this rule, the doors are barred against possible fraud and imposition."

Other cases closely in point are: In re Paving Assessments, 193 Iowa 1234, 188 N. W. 780, and In re Lounsberry, 208 Iowa 596,

226 N. W. 140. In the latter case it was expressly held that a failure to address the notice to the proper person could not be cured by the fact that the notice was actually served upon such person. In the case at bar the utmost claimed is not that the notice was addressed to the administratrix, but that she was actually served with it.

We have considered much whether the service upon Attorney Owen should not be deemed in and of itself sufficient. The statute permits an appellant, in lieu of service upon the actual party to the case, to make service upon the attorney appearing for the client in the court below. If the notice had been properly addressed, we shall assume for the purpose of this case without definitely deciding the question, that a service upon the attorney would have been enough. Can we go a step farther and say that a service upon the attorney, of a notice addressed to the attorney, should be deemed sufficient? This notice was addressed to *Marcus Snyder*. It availed nothing to the appellant to address its notice to a dead man. Could a notice so addressed have any more efficacy than if the address were omitted? We can see no more reason for saying that a notice may be addressed, as such, to the former *attorney of the dead man* with any greater efficacy than if it were addressed to the dead man himself. The designation of the attorney, as made in the notice, excluded all reference to the administratrix. The effect of the notice as a whole, was to exclude all reference to the administratrix as sustaining any relation to the appeal. She was in fact the only legal representative the dead man had in the world.

If our holdings herein referred to may seem technical upon first impression, they are nevertheless substantial. They lie at the base of jurisdiction and make for certainty where certainty is a requisite of the first order. They are technical only in the sense that they are formal. Needless to say that there is a degree of formality, which is essential to judicial procedure. Formality is necessarily specific and exclusive. The formalities of judicial procedure are essential. They are not provided to surprise the unwary; they do not spring out from hiding places to the undoing of the practitioner. They are announced in large letters and furnish little excuse for oversight. Their essential function is to render *certain*, jurisdictional facts and to eliminate them as far as practicable from the realm of debate. Obedient to our previous holdings, as here

indicated, we· must hold that the ·notice of appeal was inadequate in form to confer the··appellate jurisdiction.

The appeal is accordingly· dismissed.

CLAUSSEN, C. J., and KINDIG, ALBERT, and DONEGAN, JJ., concur.