## MALONEY v. IOWA–ILLINOIS GAS & ELECTRIC CO.
### No. 1–27.

United States District Court
S. D. Iowa, Davenport Division.
Jan. 31, 1950.

Larned A. Waterman and Otto C. Bauch (of the firm of Lane & Waterman), Davenport, Iowa, for the movant (defendant).

John V. Chapman, Davenport, Iowa, for the respondent (plaintiff).

SWITZER, District Judge.

The above entitled matter came on for hearing in open court at Davenport, Iowa, on January 11, 1950, on a special appearance and motion by the defendant to quash

the process. Argument was had and the matter duly submitted.

This action was commenced by the Administrator of the Estate of Clara Hass in the District Court of Iowa in and for Scott County, Iowa, and removed on November 21, 1949, to this court, whereupon the defendant moved to quash the service of the original notice issued out of the State court, on the ground that the said notice served upon it was erroneous in that it was not directed to "Iowa-Illinois Gas and Electric Company" as required by Rule 50 of the Iowa Rules of Civil Procedure and hence, that no jurisdiction over the defendant had been obtained in this action.

■ Defendant asserts, and it is not controverted, that the correct corporate name of this company is—"Iowa-Illinois Gas and Electric Company." The affidavits attached to defendant's motion discloses that it is an Illinois Corporation with its principal place of business at Rock Island, Ill., but that it is authorized to transact business as a foreign corporation in Iowa and that the certificate that it obtained from the Iowa Secretary of State was filed for record in Davenport, Iowa. It is common knowledge that this company is the gas and electric utility serving the people of the Quad City area, of which Davenport, Ia., is the principal city, and that it is the only such utility so operating in that area.

As disclosed by the return of service on file herein, the original notice was actually served upon an officer of the defendant company and that the method of service was in compliance with the statutory requirements. In the caption of the original notice served upon the defendant in this instance, appeared the name—"The Iowa—Illinois Gas and Electric Company, a corporation, Davenport, Iowa—Defendant."

■ Removal proceedings from a State court to the federal court under 28 U.S. C.A. § 1446, do not prevent the defendant from making the same objections in this court that it might have made in the State court as to jurisdiction over the person had the action remained there, and the validity of the attempted service of process in the State court remains open to question in the federal court on removal by the defendant. General Investment Co. v. Lake Shore & M. S. R. Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244. The Iowa law on the sufficiency of the original notice as to form, substance and manner of service therefore controls.

Rule 48 of the Iowa Rules of Civil Procedure provides that a civil action is commenced by the service of an original notice upon a defendant. Under Rule 50, it is required that, "The original notice shall be directed to the defendant."

It is the principal contention of the defendant on this motion and special appearance that under the Iowa law, an original notice which omits the name of a defendant or misnames a defendant (unless the misnomer be within the rule of idem sonans) is, as to such defendant, void and without legal effect; that such a notice is equivalent to no notice, and hence, that there is no jurisdiction of the person of the defendant in this court to further entertain the action. This is a most challenging contention and has caused the court to give the question involved extensive examination.

■ At the threshhold of our inquiry considerable concern was occasioned by the form of defendant's "Special Appearance and Motion to Quash Process" itself. At least one Iowa authority would seem to hold that the inclusion in such a pleading of a request for some other relief than that of attacking the jurisdiction would constitute a general appearance. In the instant case in line 5 of the motion appears the affirmative request that the court dismiss the action, by the inclusion of the words—"and to dismiss this case." In Wood, Bacon & Co. v. Young, 38 Iowa 102, 106, appears the statement: "A motion which calls into action the powers of a court for any purpose, except to decide upon its own jurisdiction constitutes a full appearance."

This case has not been distinguished or overruled in subsequent cases. However, a more liberal position has recently been adopted by the Supreme Court of Iowa: Read v. Rousch, 189 Iowa 695, 701, 179 N.W. 84; Johannsen v. Mid-Continent Pe-

troleum Corp., 227 Iowa 712, 719, 288 N.W. 911; which forces the conclusion here that the form and substance of the pleading filed by the defendant does in fact constitute a special appearance solely to attack the jurisdiction of the court over its person.

It is unfortunate that there is no Iowa authority existent wherein a similar situation to the one which confronts us here has been decided. Indeed, the authority cited by the defendant in support of its proposition includes no case wherein the name of a corporate entity was involved, nor have I been able to discover any such authority in this State, except in such cases as appeals from the assessment for general or special taxes by boards of review of political subdivisions of the State, under which said situations a special statute not here involved is controlling, such as—In re Paving Assessments, 193 Iowa 1234, 188 N.W. 780; Farmers' State Savings Bank of Fairbank v. Town Council of Fairbank, 199 Iowa 1275, 202 N.W. 80; Midwestern Realty Co. v. City of Des Moines, 210 Iowa 942, 231 N.W. 459.

Careful analysis of the original notice here discloses that the true corporate name of the defendant is included therein, that the article "The" appears before that name and the words "a corporation, Davenport, Iowa," follow it. These words are purely descriptive and not nominative. The comma immediately following the corporate name sets the words "a corporation, Davenport, Iowa" apart from the corporate name, and as descriptive and not nominative. For purposes of nomenclature the use of the word "The" immediately preceding a corporate name is not uncommon in ordinary speech. It is evident that the surplusage of these descriptive words was joined to the true corporate name out of an abundance of caution on the part of the plaintiff to aid the process server and to make sure that the notice was "directed to the defendant."

As was said by the Iowa Supreme Court in the case of Snyder v. Incorporated Town of Spirit Lake, 218 Iowa 774, at page 776, 254 N.W. 14, at page 16, quoting from Sleeper v. Killion, 166 Iowa 205, 147 N.W. 314:

"The notice must be addressed to the party named in the petition as defendant. Why? So that the officer charged with the duty of serving the notice may be informed of the name, and thereby the identity of the person on whom service is required to be made. It must be served on the party named in the petition, as defendant, in the name by which he is identified in the petition. Why? So that the court, in case of default, may be able to say, on an inspection of the petition and return, that the party named in the petition, as defendant, and against whom relief is sought, has been served with notice of the action against him. * * *

"Men are known, and their identity fixed, by the name by which they are known. When addressed by name, they respond as segregated individual entities. When not so addressed, they, as a rule, are not expected or required to respond. In nearly every state in which courts acquire jurisdiction by writ, summons, or process, it is required that the paper, on the service of which the court assumes a right to act, must be addressed to the party summoned, by his true name, *or by the name by which he is generally known.* * * *"

The defendant corporation was the only utility operating in Davenport, Iowa, with a comparable corporate name. A proper officer of the defendant corporation was actually served with the original notice in this case. The descriptive words used, in addition to the corporate name, in the original notice could not conceivably have misled the defendant, nor could fraud or imposition have devolved upon it. It is obvious that the name used in the original notice is one by which said defendant corporation is generally and commonly known in the community.

It is true that the Supreme Court of Iowa is not given to a liberal point of view on the subject of defective original notices. See the article in 23 Iowa Law Review 246, 252, (January 1938), on the "Requisites of an Original Notice in Iowa," wherein the writer speaks of "the uncomfortable position which lawyers have created for

themselves as the result of drafting defective notices." And the Iowa statutes do not permit an amendment and correction of the process by specific rule such as is found in the Federal Rules of Civil Procedure, 28 U.S.C.A., and in many of the several States.

However, from a thorough examination of all of the Iowa cases cited by the defendant, as well as those studied upon the court's independent inquiry, the rule urged by the defendant is not found to be so rigidly observed as to justify a conclusion that the notice in the instant case was void ab initio. To sustain the defendant's motion here would, in this court's opinion, constitute palpable error.

Defendant has taken, I find, the gist of numerous holdings of the Iowa court to substantiate its position wholly from cases involving defective notices where service was had by publication, or by substituted (constructive) service, or where there had been an improper omission of the name of the defendant or of other matter in the notice, all of which seem fairly distinguishable from the instant case. A reading of the following cases relied upon by the defendant forces this conclusion: Journey v. Dickerson, 21 Iowa 308; Newman v. Bowers, 72 Iowa 465, 34 N.W. 212; Steele v. Murry, 80 Iowa 336, 45 N.W. 1030; Hubner v. Reickhoff, 103 Iowa 368, 72 N.W. 540, 64 Am.St.Rep. 191; Thornily v. Prentice, 121 Iowa 89, 96 N.W. 728, 100 Am. St.Rep. 317; In re Estate of Anderson, 125 Iowa 670, 101 N.W. 510; Sleeper v. Killion, 166 Iowa 205, 147 N.W. 314; In re Assignment of Lounsberry, 208 Iowa 596, 226 Iowa 140; Rhodes v. Oxley, 212 Iowa 1018, 235 N.W. 919; Barton v. City of Waterloo, 218 Iowa 495, 255 N.W. 700. And the strict rule which permits very little, if any, variance in the notice when the Christian name, or where only initials, for an individual are used, such as: Fanning v. Krapfl, 61 Iowa 417, 14 N.W. 727, 16 N.W. 293; Schaller & Son v. Marker, 136 Iowa 575, 114 N.W. 43; Pilkington v. Potwin, 163 Iowa 86, 144 N.W. 39.

In argument defendant laid much stress on the holding of the court in Sleeper v. Killion and Thornily v. Prentice, supra. In the syllabus of the court in the former opinion, 166 Iowa 205, 147 N.W. 314, appears the statement: "An original notice which is not addressed to a party to the suit, in which he is not named as party, and there is nothing in the notice itself to indicate that any relief is asked against him, will not confer jurisdiction to enter judgment by default, although the paper purporting to be notice of a suit was actually served upon him."

And in Thornily v. Prentice, 121 Iowa 89, 94, 96 N.W. 728, 730, 100 Am.St.Rep. 317, the court said: "A judgment rendered upon such (constructive) service will bind no one not properly named in the record. This does not mean that the name must be correctly spelled, but it must be so nearly correct as to come within the rule of idem sonans. * * * Where, however, the record of a judgment entered upon a notice of this kind presents not a mere discrepancy or variation in the spelling of a defendant's name, but the use of a name other and different than that borne by the person against whom such judgment is sought to be enforced, the rule of idem sonans is not applicable."

The above statements from these two Iowa cases are quite persuasive indeed for defendant's contention, but the factual situation therein must eliminate them from our consideration as governing in the present case. In the first, the name of the minor, George Andrew Sleeper, was entirely omitted from the original notice upon which the foreclosure proceedings were based and on which a decree was rendered.

And in Thornily v. Prentice there was substituted service on the son of "Wm. M. Thornily" whereas the true name was "Willis H. Thornily", which the court under the strict rule regarding the use of correct Christian names of individuals held *would not sustain judgment against Willis H. Thornily.*

Along this line of authority, we have been concerned greatly in this situation by the case cited by the defendant of Sweeney v. Greenwood Index-Journal Co., D.C.S.C., 37 F.Supp. 484, and for a time we must admit, the force of this opinion together with the Iowa holdings favorable to de-

fendant's contention seemed compelling. However, Judge Parker of that Circuit Court of Appeals, in United States v. A. H. Fischer Lumber Company, 4 Cir., 162 F.2d 872, 874, discounts the lower court holding by the following words in a special note to his opinion, as follows: " * * * but that case (Sweeney v. Greenwood Index-Journal Co.) is not binding authority and we do not regard it as according with the liberal rule of modern practise."

There is a clear distinction drawn by the Iowa court in the rule announced in the cases cited by the defendant between situations wherein there has been substituted service or service by publication and cases where service has been actual or personal. In Thornily v. Prentice, 121 Iowa 89, 94, 96 N.W. 728, 729, the court said: "If this notice had been personally served upon appellee * * * a confusion or mistake in the name by which he was designated would not necessarily be fatal to the judgment."

Again, in Fanning v. Krapfl, 61 Iowa 417, 14 N.W. 727, 728, 16 N.W. 293, the court said: "Notice by publication, even where there is no misnomer, does not afford a very strong natural presumption that the fact of the pendency of the action will be brought to the defendant's actual knowledge. Notice by this mode is allowable only out of necessity. * * *"

These remarks are equally pertinent to a case of substituted service. Thornily v. Prentice, supra.

Again, in Stevens v. Peoples Savings Bank, 185 Iowa 619, at page 624, 171 N.W. 130, at page 132, the court held that a notice of appeal directed to and served upon appellee's attorneys constituted good service and in distinguishing the case of Sleeper v. Killion, supra, (wherein two minor defendants were not named at all in the notice) from the case at bar, the court said: "It will be seen that the holding in that case dealt with substance, and not mere form."

 Obviously from the wordings used by the court in these cases, the rule advocated by the defendant here and announced in the cases cited by it has little or no application to the instant case. Rath-

er where personal service is had upon a defendant the Iowa Supreme Court adheres to the reasoning quoted from the case of Snyder v. Incorporated Town of Spirit Lake, 218 Iowa 774, 254 N.W. 14, and also in the statement from Kriv v. Northwestern Securities Co., 237 Iowa 1189, 1199, 24 N.W.2d 751, 756, as follows: "Where reliance is placed on notice by publication which may never come to the attention of the party to be charged the contents of the notice are measured with greater strictness than where the notice is personally served."

The Clerk will enter the following order:

This matter coming on for hearing on the motion of the defendant to quash the process and to dismiss the action, and the court having heard the arguments of counsel and examined the briefs, finds that the said motions should be, and they are hereby overruled. Plaintiff is granted leave to amend the process and his petition on file herein so as to make them conform to the true corporate name of the defendant, and defendant is allowed ten days to further plead. Exception allowed.