S. O. WILLSON, Appellee, v. GEORGE PHELPS, Appellant.

**Practice:** WITHDRAWING ISSUE FROM JURY: EVIDENCE.

*Appeal from Winneshiek District Court.*—HON. W. A. HOYT, Judge.

THURSDAY, OCTOBER 6, 1892.

ACTION at law to recover the sum of five hundred and seventy-seven dollars, which the plaintiff alleges was deposited with the clerk of the district court as a tender in a certain action against the plaintiff, and which the plaintiff alleges the defendant drew from the custody of the clerk, and converted to his own use, in violation of an agreement to pay the same in part payment of a certain mortgage. There was a trial by jury, and from a verdict and judgment for plaintiff, the defendant appeals. *Affirmed.*

*L. Bullis, G. W. Adams,* and *R. F. B. Portman,* for appellant.

*Stillwell & Stewart,* for appellee.

ROTHROCK, J.—It appears from the record that prior the year 1881 the plaintiff was indebted to one Thomas Phelps in a considerable amount, and that the said Phelps had commenced and carried on legal proceedings, by which he had become the purchaser of the plaintiff's real estate at sheriff's sales. The plaintiff was also indebted to the defendant, George Phelps. Among other transactions between the parties, the defendant, in the month of September, 1877, advanced for the plaintiff the sum of five hundred and seventy-seven dollars, which was deposited with the clerk of of the courts of Winnesheik county as a tender in a certain action in which the plaintiff was a defendant, and the defendant herein was interested as a claimant of a lien or interest in real estate involved in the action, In 1878 the plaintiff herein assigned in writing the money in the clerk's hands to the defendant, and on the twenty-third day of December, 1881, the defendant drew from the clerk the sum of five hundred and twenty-five dollars and seventy-five cents of said money. The balance had been withdrawn by agreement of the parties to the action in which the tender was made. On or about the eleventh day of November, 1881, the plaintiff and the defendant and Thomas Phelps had a settlement of all the matters between them, and at said settlement Thomas Phelps executed a deed of certain real estate to Anna L. Willson, the daughter of the plaintiff, and she executed a mortgage to Thomas Phelps upon the real estate conveyed to her by him for the sum of thirteen hundred and twenty dollars. It is averred in the answer of the defendant that this was a full settlement of all matters of account between the parties, including the defendant in this action.

The plaintiff claims that the money which was then in the hands of the clerk of the court was counted and included in the mortgage from Anna L. Willson, and that, by an express oral agreement made between the plaintiff and the defendant herein, the said amount of money, when received by the defendant, should be applied as a credit or payment on the mortgage given by Anna L. Willson to Thomas Phelps, and the action is grounded on the failure and refusal of the defendant to account for the money received by him from the clerk.

The defendant claims that the money deposited as a tender was advanced by him, and it was then, and always afterwards remained, his money, and was not taken up and included in the said mortgage. This is the question of fact in dispute between the parties. The instructions given by the court to the jury plainly, concisely and correctly present this question, and we may say that notwithstanding numerous errors are assigned for refusal to submit special interrogatories to the jury, and for refusal to give instructions asked by the defendant, and for alleged errors in the instructions given by the court on its own motion, we think that there was no error in any of these rulings. The case demanded no elaboration in the way of instructions or in the way of special interrogatories. It was a plain issue, and could not be misunderstood. The only difficulty in understanding it was occasioned by the pleadings of the defendant, which consisted of answer and cross petition and "auxiliary answer" and an "auxiliary answer to last auxiliary answer of defendant." These pleadings raised issues of former adjudication, fraud and the statute of limitations. Complaint is made because these issues were not submitted to the jury. An examination of the evidence in the case shows that the court very properly declined to submit these questions, because there was no evidence which would authorize a verdict for the defendant upon said defenses. It is error to submit questions to the jury upon which there is no evidence.

The judgment of the district court is AFFIRMED.