DORA LE GRAND, Plaintiff, v. S. H. FAIRALL, Judge, Defendant.

1. **Original Notice:** SUBSTITUTED SERVICE: JURISDICTION. Service of original notice by reading the same to a member of the defendant's family, and delivering to him a copy thereof for said defendant, for the reason that the defendant was sick and could not be seen, *held*, not sufficient to give the court jurisdiction.

2. **Judgment Without Jurisdiction:** RELIEF. A judgment of the district court rendered by default upon such service will be set aside upon *certiorari* proceedings in the supreme court.

*Certiorari to Iowa District Court.*—HON. S. H. FAIRALL, Judge.

SATURDAY, OCTOBER 8, 1892.

THE petition recites that in a suit pending in Iowa county at the instance of Novak and Jilek, Louis and Dora Le Grand were designated as defendants. That the only return of service on the defendants therein is as follows: "I, J. C. Englebert, sheriff of said county, hereby certify and return: I received the within notice for service on the twenty-third day of April, 1891, and that on the twenty-third day of April, 1891, in Lenox township, in said county, I served the within notice on Louis Le Grand, personally, by then and there reading said notice to him, and in his presence and hearing, and by then and there delivering to him a true copy thereof. I further certify that I did, on the same day and at the same time, serve said notice

on Dora Le Grand by reading said original notice to Louis Le Grand, and by handing him a copy thereof for Dora Le Grand; Dora Le Grand being sick, and I could not see her.

"J. C. ENGLEBERT,

"Sheriff."

That Dora Le Grand had no knowledge of the existence of said action, and that the district court exceeded its jurisdiction by adjudging the defendant, Dora Le Grand, in default, and rendering judgment against her for one hundred and sixty-seven dollars and eighty cents and costs. The return to the court shows the facts as alleged. The prayer of the petition is that the judgment in the district court against Dora Le Grand "be annulled and held for naught."—*Writ sustained.*

*Hedges, Rumple & Lake,* for plaintiff.

*F. H. Novak,* for defendant.

GRANGER, J.—I. The defendant urges that this court is without jurisdiction, because it does not appear that the plaintiff has no other plain, speedy and adequate remedy. There is also a claim that the service is sufficient to give jurisdiction. There is in fact no service, and that fact is indicated on the face of the return. The only ground on which to claim a service is that a copy of the notice was left with Louis Le Grand. The only provision for a service on the defendant by leaving a copy is: "If not found within the county of his residence," the service may be "by leaving a copy of the notice at his usual place of residence with some member of the family over fourteen years of age." It does not appear from the return that Dora Le Grand was not found in the county, but, on the contrary, it

*1. ORIGINAL notice: substituted service: jurisdiction.*

appears that she was in the county. The statute is the only authority for a substituted service, and the facts to justify it must appear. There are no facts stated from which the necessary facts ·to give jurisdiction could be inferred. The district court was without jurisdiction.

II. It is said that the plaintiff in this case had a plain, speedy, and adequate remedy besides this proceeding, because she "should have moved in the district court to set aside the default, as she had notice of the judgment in time to do so." ·The case of *The Hawkeye Insurance Co. v. Duffie*, 67 Iowa, 175, was a *certiorari* proceeding to set aside an order made after an appearance and judgment; and the court, in the absence of the defendant, entered an order, which was held to be without jurisdiction. After determining the question of the jurisdiction of the lower court to make the order, and holding that it was void, this court said: "As the order was made in the absence of the defendant in the action, no exception could be taken, and, therefore, an appeal would have been ineffectual. It is true the defendant, when it obtained knowledge of the order, might have moved the court at the succeeding term to set it aside. But the defendant was not bound to do this, if the court did not have jurisdiction to make the order at the time it did so." The court in that case sustained the *certiorari* proceeding, and set aside the order. It is conclusive of the point in this case, and the prayer of the petition to set aside the judgment is granted. WRIT SUSTAINED.

2. JUDGMENT without jurisdiction: relief.