### Belleville Savings Bank, Appellee, v. John Souris, Appellant.

Opinion filed June 9, 1932.

R. E. COSTELLO, E. H. SCHWARZENBACH and JOSIAH WHITNEL, for appellant.

TURNER & HOLDER and F. J. TECKLENBURG, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Belleville Savings Bank, trustee, filed a bill to foreclose two mortgages on the same pieces of real estate, and made appellant and others defendants thereto. Appellant answered denying that such mortgages "are

superior liens upon the premises to that of said defendant," and averring that he is in possession of the mortgaged premises as tenant and has paid the owner of the equity of redemption rent in advance to the amount of $12,000 for which he is entitled to credit. The fair purport of the answer in that regard is that appellant had paid rent in advance for which he is entitled to a lien that is superior to the lien of the mortgages.

One of the mortgages sought to be foreclosed was executed and delivered on May 3, 1928, and was recorded two days later. The lease under which appellant claims is dated May 1, 1929. A mortgagor, or his grantee, cannot make a lease of mortgaged premises which will give the lessee a greater right than the mortgagor possesses, and that will interfere with the right of the mortgagee to enter for condition broken. *Gartside v. Outlay,* 58 Ill. 210, 211; *Taylor v. Adams,* 115 Ill. 570.

If a person accepts a lease of mortgaged premises and a receiver is appointed in foreclosure proceedings, the lessee must pay rent to the receiver from the day of his appointment or vacate the premises. If he has paid the mortgagor rent in advance he will be required to pay rent to the receiver from the date of his appointment if he remains in possession. *Rohrer v. Deatherage,* 336 Ill. 450; *McDevitt v. Sullivan,* 8 Cal. 592; *Hatch v. Sykes,* 64 Miss. 307, 1 So. 248; *Olive v. Levy,* 194 N. Y. S. 88. In the case at bar a receiver was appointed. We know of no law that would give appellant a lien for rent paid in advance that would be superior to the lien of a mortgage that was of record at the time he secured his lease. For that reason the amount of the rent paid in advance was wholly immaterial.

The only other defense set up in appellant's answer is that he is a lessee in possession of a portion of the

premises and that his right to possession is superior to *any* rights of the complainant. We have shown that his right to possession under the lease was not superior to the right of the complainant under the mortgage of May 3, 1928. If appellant thought his right to possession was superior to the rights of complainant under its second mortgage, he should have made it an issue instead of averring that it was superior to any rights of the complainant. A defendant cannot avail himself of any defense not stated in his answer even though it appears in the evidence. *Millard v. Millard,* 221 Ill. 86.

In his objections and exceptions to the master's report appellant averred that the master erred in finding that complainant's mortgages are superior to his claim when all the evidence shows that the mortgages are second to his lien. It is apparent that the claim referred to is his claim for rent for which he had no lien. He did not specifically raise the question before the master or the court as to whether his right of possession under his lease was superior to the lien of complainant's second mortgage and is in no position to urge it in this court. Arthur Eidman, trustee, was a defendant to the bill and set up in his answer that he held a third mortgage on the same premises. Appellant made no reference whatever to that mortgage in his answer and is in no position to urge error with reference thereto.

Appellant argues that the court erred in not decreeing that the premises for which he has no lease should be first sold. That question was not raised by his answer or by his objections and exceptions to the master's report. He also argues that the master erred in admitting certain evidence but having assigned no error in that regard the question is not open for our consideration. Finding no reversible error the decree is affirmed.

*Affirmed.*