Western Plumbing Supply Company, Appellant, v.
H. Horn et al., Appellees.

Gen. No. 36,287.

Opinion filed March 6, 1933. Rehearing denied March 20, 1933.

JOHN E. OWENS, for appellant; CLYDE C. FISHER, of counsel.

EDWIN TERWILLIGER, for appellees.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by complainant from a decree which, sustaining certain exceptions of defendants to the report of a master, dismissed the bill of complaint for want of equity. The bill was filed June 7, 1930, and averred that defendants, Carl Riemer and Grace Riemer, were husband and wife; that Grace Riemer on February 15, 1930, was the owner of certain real estate described and was engaged in the erection and construction of certain improvements thereon; that Carl Riemer, with the authority, knowledge, permission and consent of his wife, made a contract with one H. Horn, a heating contractor, whereby Horn undertook and agreed to do necessary work for a certain price, the terms and conditions of which contract were unknown to complainant; that on February 15, 1930, Horn made a contract with complainant, whereby he purchased heating materials for the reasonable value of $951.56 from complainant; and that the first delivery was made on February 15, 1930, and the last one on March 15, 1930; that the materials were delivered at the premises

and used in the construction of the improvements, and that a lien was claimed for the sum of $951.56.

The seventh paragraph of the bill averred that complainant attempted to serve the owner with a mechanic's lien notice in conformity with the provisions of the statute, but that in the exercise of reasonable diligence she could not be found, and that on April 29, 1930, within 60 days after the final delivery of the materials, complainant caused a verified subcontractors' claim for mechanics's lien to be filed in the office of the clerk of the circuit court. Complainant prayed that it might be decreed to be entitled to a lien.

Grace and Carl Riemer answered, admitting that Grace Riemer was the owner and admitting the verbal contract with Horn for the sum of $960; and further alleging that Horn defaulted and failed and refused to complete his contract and that she was not advised as to complainant's contract with Horn, or as to the time of deliveries or the amount due, and therefore asked for strict proof. The answer denied that upon reasonable diligence Grace Riemer could not have been found so as to be served with notice.

The master reported that $951.56, less $46.70 (a credit to which defendants were entitled), leaving a balance of $904.86 was due. The master also reported the claim for lien was filed in the office of the clerk of the circuit court.

The master reported with reference to the attempted service that it appeared that on April 15, 1930, at the hour of three o'clock p. m., an agent of complainant appeared on the premises and attempted to serve a notice on Grace Riemer; that although he knocked on the door and window and rang the bell, no one came to the door or admitted him inside the house; that later on the same day, at about 8:30 o'clock in the evening, the agent of complainant, together with another person, returned to the premises and again knocked on

the door and window and rang the bell; that during the second trip the agent of complainant noticed a window shade slightly raised and upon looking under it saw a man and a girl in one of the rooms of the house; that the man put his finger to his lip, indicating to whoever else was in the room to keep quiet; that again no one came to the door or admitted him; that after these two attempts by its agent to serve Grace Riemer, complainant substituted constructive service for personal service by filing a statement in the office of the clerk of the circuit court.

The report of the master stated that defendants contended that complainant did not use reasonable diligence; that they also contended that Carl Riemer was the duly constituted agent of his wife, Grace Riemer, the owner of the premises; that defendants further contended (and the evidence showed) that although Grace Riemer was an invalid whose locomotion was impaired and who had other physical disabilities, nevertheless she was able to walk around her house, do ordinary household duties, walk to the back of the yard for the purpose of disposing of garbage and feeding chickens in the yard of the premises; and that it was customary for Grace Riemer to answer the doorbell during the day or when her husband was not at home; that defendants further contended that Carl Riemer was employed by the Wieland Dairy Company; that he was accustomed to go to his place of employment daily, and at times in the evenings he went to the theater with his wife; that if complainant had used reasonable diligence, as provided by statute and required by law, it would have obtained personal service either on Grace Riemer or Carl Riemer, the agent of Grace.

The master pointed out that defendants further contended that in the evening of April 15, 1930, there was a card party at their home; that during the greater

part of that day Grace Riemer, together with a friend, was making preparations for the party, and that from about 8:30 o'clock in the evening until after midnight, they were entertaining their guests at the card party; that testimony was offered by defendants to show that during all that time no one was heard to knock at the door or ring the bell; that no one other than the invited guests at any time during that day or evening requested admittance to their home; that this evidence was corroborated by several witnesses, who claimed to have been present at the party, and who stated that they did not hear anyone trying to gain admittance or entrance into the home of the Riemers and that they remained at this card party from about 8:30 o'clock p. m. until after midnight.

From the evidence introduced the master was of the opinion that complainant used reasonable diligence as provided and intended by section 24 of the Mechanics' Liens Act of the State of Illinois, Cahill's St. ch. 82, ¶ 24; that the two attempts made by complainant to serve its notice of subcontractor's claim for lien were sufficient to constitute reasonable diligence as intended by the act. The master found from all the circumstances surrounding the case that complainant had exercised fair, proper and due degree of care required by him under the Mechanics' Liens Law, or which would be required under similar circumstances from a man of ordinary prudence and activity, for the purpose of substituting constructive service for personal service.

Objections filed by defendants to this report were overruled and upon the hearing stood as exceptions. As already stated, the chancellor sustained the exceptions of defendants and held upon the evidence that complainant did not use reasonable diligence in attempting to serve defendant, Grace Riemer, with a subcontractors' notice of claim for mechanics' lien as

provided by section 24 of the Mechanics' Liens Act, Cahill's St. ch. 82, ¶ 24.

The decree further finds that Carl Riemer, husband of Grace Riemer, was her agent in connection with the improvements and alterations being made on the premises, and that complainant did not use reasonable diligence in attempting to serve him with such notice. The bill of complaint was therefore dismissed for want of equity.

The controlling question in the case is whether complainant complied with the provisions of section 24, Cahill's St. ch. 82, ¶ 24 (Smith-Hurd's Ill. Rev. Stats. 1931, chap. 82, sec. 24, p. 1834). That section in substance provides that a subcontractor shall within 60 days after the completion of his contract cause a written notice of his claim and the amount due or to become due thereunder, to be personally served on the owner or his agent or architect. The section further provides that if the land is registered the notice shall not be served but filed in the office of the registrar of titles; further, that the notice shall not be necessary when the sworn statement of the contractor or subcontractor shall serve to give the owner notice of the amount due and to whom due.

Section 25 provides that in all cases where the owner, agent, architect or superintendent cannot upon reasonable diligence be found in the county in which said improvement is made, or shall not reside therein, the statement of lien shall be filed in the office of the clerk of the circuit court.

Defendants contend in the first place, as the decree finds, that Carl Riemer was the agent of the owner, Grace Riemer, in the making of the improvement, and that there was no evidence of any attempt to serve him with a notice. Complainant, on the other hand, contends, as the master found, that there is no evidence in the record to substantiate such a claim; fur-

ther, that complainant did not know of the agency of Carl Riemer if it existed, and was not informed to that effect, and that service upon the husband, Carl Riemer, would therefore have been ineffectual if it had been made. Of course, the conceded fact that Grace Riemer was the wife of Carl Riemer would not of itself be sufficient to establish the fact of his agency in her behalf or justify service upon her in connection with this specific transaction. *Throgmorton v. Mosak,* 245 Ill. App. 330.

However, the bill here charges that the owner was "engaged" in the erection and construction of the improvement, and "for that purpose, Carl Riemer, husband of, and by and with the authority, knowledge, permission and consent of said Grace Riemer, owner, did then and there have a contract with one H. Horn, heating contractor," etc.

The answer admits that the contract was between complainant and "defendants," using the plural number. The evidence taken on the hearing disclosed the agency of Carl Riemer. The notice which complainant prepared for personal service was addressed to both Carl and Grace Riemer, and both are named in the claim filed. Indeed, Flannigan, employee of complainant, testified that he told Mr. Riemer the facts as the same appeared on complainant's ledger; that the first time he, Flannigan, saw Mr. Riemer was a week or 10 days after March 15, 1930. It therefore appears that complainant was dealing with Mr. Riemer and recognizing him as the agent of Mrs. Riemer in the transaction.

Moreover, Carl Riemer testified that he saw Flannigan on the day the contract was made, and then told him that he, Riemer, was working for the Wieland Dairy Company. There is no doubt of the agency of Carl Riemer for Mrs. Riemer, and it seems altogether certain that complainant either knew, or by the exercise of the slightest diligence would have known, of

this agency before the time for service of the lien notice expired. There is no proof of any attempt to ascertain whether Mr. Riemer or any other person was the agent of the owner. Notice upon Carl Riemer would have been sufficient. We are disposed to hold that we cannot say that the finding of the chancellor in this respect is manifestly wrong. *Jarden v. Pumphrey,* 36 Md. 361. Complainant, however, contends that this defense was not set up in defendants' answer and is therefore not available, citing *Millard v. Millard,* 221 Ill. 86; *Potter v. Fond du Lac Park Dist.,* 337 Ill. 111; and *Belleville Sav. Bank v. Souris,* 266 Ill. App. 565.

Irrespective of our views upon this point, we prefer to put our decision on another ground, namely, that there was a failure on the part of complainant to comply with the statute which requires "reasonable diligence" to obtain personal service on the owner before constructive service by filing with the clerk of the circuit court may be resorted to. In the first place, the service being precedent to the creation of a lien on defendants' real estate, one claiming under the statute must bring himself strictly within the terms of it. Such is the holding of our Supreme Court, in numerous cases, of which it will be sufficient to cite *North Side Sash & Door Co. v. Hecht,* 295 Ill. 515; *Hoier v. Kaplan,* 313 Ill. 448. We are not unmindful that in the construction of such statutes it is not necessary to give to the words the narrowest possible meaning, as was held in *Warner v. King,* 267 Ill. 82; and we do not forget that in the construction of these sections we may properly take into consideration the provisions of other sections of the statutes, such as sections 5 and 32, Cahill's St. ch. 82, ¶¶ 5 and 32, which prescribe the duties of owners.

Section 24 expressly provides that notice shall not be necessary where the sworn statement of the contractor serves to give the owner actual notice, but there

is no proof here that the owner had the notice required to be given under the provisions either of section 5 or of section 32. The rights of the complainant under these sections are not raised in this suit.

But again passing over the question of the agency of Carl Riemer, which could have been easily ascertained by even the slightest diligence, we think it must be held that this record fails to disclose "reasonable diligence" in the endeavor to secure personal service on Grace Riemer. The evidence which has already been recited discloses that the employee of complainant called only twice on the same day for the purpose of serving her. The last material was delivered March 15. The attempted service was made April 15 thereafter. No further service was attempted after that time. The evidence is uncontradicted to the effect that during all this time Mrs. Riemer was performing her household duties; that she was often outside in her yard, where service could have been easily obtained, and, as defendants point out, the server of the notice went only to the front door and was at that door for only a few minutes. He returned with another employee the evening of the same day, but their conduct, as recited, at the time would have justified the closing of the home against him. It is not without significance that when this suit was brought the sheriff of the county had no difficulty apparently in obtaining speedy service upon these defendants. The summons was delivered to the sheriff of Cook county on Saturday, June 7, and it was returned personally served on both defendants on Tuesday, June 10. It cannot, we think, be held that complainant exercised either reasonable or any other kind of diligence. In similar cases under circumstances much more difficult a failure to obtain service has been held to show lack of diligence. In one case the officer seeking defendant went to the back door, the front door, and the barn. *Sayre-Newton Lumber Co. v.*

*Park,* 4 Colo. App. 482, 36 Pac. 445. In another, a failure to serve a defendant because of the presence of vicious dogs upon the premises was held not sufficient to show that defendant could not be found in the county. *Wilson v. Leo,* 19 Cal. App. 793, 127 Pac. 1043. In *In re Bayley,* 132 Mass. 457, it was held that the fact that the sheriff went to the debtor's residence where he heard the debtor was probably not in and left for him a notice of the time and place of sale, failed to show reasonable diligence. In *LeGrand v. Fairall,* 86 Iowa 211, a sheriff having a summons against a wife returned it, saying that he had delivered a copy of it to her husband at his residence because, she being ill the sheriff could not see her, and the service was held void within the provisions of a statute which required a showing that defendant could not be found in the county. See also *Grigsby v. Wopschall,* 25 S. D. 564, 127 N. W. 605; *McCracken v. Flanagan,* 127 N. Y. 493, 28 N. E. 385. We are not unaware that these authorities may in some respects be distinguished and that the decisions of other States in the construction of provisions of our mechanics' liens statutes are not necessarily persuasive (*Hoier v. Kaplan,* 313 Ill. 448), but the briefs cite no case in Illinois which is directly in point, and these cases are interesting as illustrating the attitude of the courts of other states toward somewhat similar questions. As to the diligence required by a notary under similar circumstances in Illinois, see the recent case of *Graham v. O'Connor,* 350 Ill. 36, and as to the necessity of strict compliance with a similar statute in order that constructive service may be substituted, see *Werner v. Shons Co.,* 341 Ill. 478.

We are constrained to hold that the undisputed evidence in this case showed that defendant failed to exercise reasonable diligence, and that if such diligence had been exercised personal service could have been obtained. There was therefore failure to comply with

the provisions of the statute which were conditions precedent to constructive service, and, irrespective of other questions, the bill was therefore properly dismissed for want of equity.

As this point is controlling it will be unnecessary to discuss other alleged errors.

The decree is therefore affirmed.

*Affirmed.*

McSURELY, P. J., and O'CONNOR, J., concur.