Chester GARRISON, Appellant,

v.

Milt WHITE et al., Individually and dba New White Coal Company, and Pete Gibson, Appellees.

Court of Appeals of Kentucky.

Feb. 12, 1960.

Eugene H. Clark, Manchester, John C. Dixon, Barbourville, for appellant.

Glenn W. Denham, Middlesboro, for appellees.

WADDILL, Commissioner.

We are dismissing the appeal because the judgment lacks finality, and is therefore not appealable, for the reasons hereinafter stated.

In an action instituted in the Leslie Circuit Court, Chester Garrison sought damages from Milt White, Frank White, Harve White, Joe White, Ben White (d/b/a The New White Coal Company) and their employee, Pete Gibson, on the ground that Gibson's negligence had caused Garrison to be injured. The complaint alleged joint and several liability on the part of all defendants on account of the tortious act of Gibson.

The defendants filed a motion to dismiss the action on the ground that the court did not have jurisdiction of the subject matter, because: (1) The owners and operators of The New White Coal Company and the plaintiff were operating under the provisions of the Workmen's Compensation Act at the time the accident occurred; (2) plaintiff and Gibson were employes of The New White Coal Company; (3) the injuries plaintiff allegedly sustained resulted from an accident which arose out of and in the course of his employment with the Coal Company; (4) the acceptance of the provisions of the Workmen's Compensation Act not only provided an exclusive remedy for plaintiff but also released defendants from further liability in the matter so far as plaintiff was concerned.

The court sustained the motion of the owners of the Coal Company; Gibson's motion was overruled, and judgment was entered dismissing the action against the owners of the Coal Company. It is from this order that plaintiff attempts to appeal.

Since the determination and direction required by Rule 54.02 (Kentucky Rules of Civil Procedure) have not been made, we express no opinion concerning whether the proper application of CR 54.02 would have made the order a final and appealable judgment. Hence, we consider whether the judgment is one which, wholly apart from CR 54.02, is appealable. Assuming that the complaint presents a single claim asserted jointly and severally against multiple parties, the judgment entered in the action was not a final appealable one since it neither adjudicated the entire claim nor finally terminated the action. See: Luria Bros. & Co. v. Rosenfeld, 9 Cir., 244 F.2d 192; Carr v. City of Anchorage, 9 Cir., 235 F.2d 780; Steiner v. 20th Century-Fox Film Corp., 9 Cir., 220 F.2d 105; Farmer v. Powers, 5 Cir., 204 F.2d 509; Moore's Federal Practice, 2nd Ed., Vol. 6, section 54.43(3), pp. 286, 287, 288.

Wherefore the appeal is dismissed.