HELEN C. FAGAN, appellee, v. DUAYNE V. FLETCHER and LUCILLE M. FLETCHER, appellants.

No. 51607.

(Reported in 133 N.W.2d 116)

450

FEBRUARY 9, 1965.

Leo H. Karn, of Des Moines, for appellants.

C. Dana Reed, of Des Moines, for appellee.

PETERSON, J.—Plaintiff brought an action for damages against defendants wherein she sought recovery of a substantial amount by reason of injuries claimed to have resulted from the alleged negligence of defendants. The district court of Polk County overruled defendants' special appearance wherein the jurisdiction of the court was questioned. This court, on application by defendants, granted the right to an interlocutory appeal, which has been perfected.

On July 4, 1963, defendants had a Fourth of July celebration in the rear section of their lot. They were neighbors of plaintiff in that the rear of the two lots abutted. In the course of the celebration a large number of fireworks were exploded by defendants. One giant firecracker, in exploding, came upon plaintiff's property and caused severe personal injuries to her.

After the occurrence of such incident defendants moved from Des Moines in Polk County to the state of Michigan. Plaintiff sought to bring defendants under the jurisdiction of the Polk County court by service of original notice by substituted service, allegedly in accordance with the provisions of section 617.3 of the 1962 Iowa Code, as amended.

Defendants filed special appearance objecting to the jurisdiction of the court, which special appearance was overruled by the trial court.

The Sixtieth General Assembly of the state of Iowa amended section 617.3 of the Code by chapter 325 of the Acts of said G. A. Part of said amendment is as follows: "If a nonresident person * * * commits a tort in whole or in part in Iowa against a resident of Iowa, such acts shall be deemed to be doing business in Iowa by such person for the purpose of service of process or original notice on such person under this Act, * * *."

We have held in several decisions that this procedure is an extraordinary method for obtaining jurisdiction over the person of a defendant and that a statute permitting such service of notice must be clear and definite and there must be clear and complete compliance therewith before jurisdiction can be thus obtained. Jermaine v. Graf, 225 Iowa 1063, 283 N.W. 428; Welsh v. Ruopp, 228 Iowa 70, 289 N.W. 760; Davis v. Jones, 247 Iowa 1031, 78 N.W.2d 6.

In the case of Jermaine v. Graf, supra (page 1066), we stated: "In several jurisdictions it has been held that statutes, of the nature of these we are discussing, are in derogation of the common law and must be construed strictly, and may not be extended by implication to nonresidents not coming within their terms. Brown v. Cleveland Tractor Co., 265 Mich. 475, 251 N.W. 557; Morrow v. Asher, 55 F.2d 365; Day v. Bush, 18 La. App. 682, 139 So. 42. * * * But this court has repeatedly

held that statutes providing for substituted service of original notice present a method of procedure that is extraordinary in character, and allowed only because specially authorized. We have held that, such statutes being the only authority for the extraordinary procedure, to justify the procedure the facts recited in the statute must appear. Bradley Mfg. Co. v. Burrhus, 135 Iowa 324, 112 N.W. 765; Le Grand v. Fairall, 86 Iowa 211, 53 N.W. 115; Thornily v. Prentice, 121 Iowa 89, 96 N.W. 728, 100 Am. St. Rep. 317."

█ The question to be decided in the case at bar is whether the words "nonresident person", as used in chapter 325, Acts 60th G.A., amending Code section 617.3, include a person who is a resident of the state at the time the tort is committed, but who has removed therefrom before the action is commenced. The sole basis of appellants' claim is that such a person is included within the term "nonresident person", as so used in our section 321.498(4) on the theory it is in pari materia with chapter 325, Acts 60th G.A.

Section 321.498 provides as follows:

"ACTIONS AGAINST NONRESIDENTS

"321.498 Legal effect of use and operation. The acceptance by any nonresident of this state of the privileges extended by the laws of this state to nonresident operators or owners of operating a motor vehicle, or having the same operated, within this state shall be deemed:

"1. An agreement by him that he shall be subject to the jurisdiction of the district court of this state over all civil actions and proceedings against him for damages to person or property growing or arising out of such use and operation, and

"2. An appointment by such nonresident of the commissioner of the public safety department of this state as his lawful attorney upon whom may be served all original notices of suit pertaining to such actions and proceedings, and

"3. An agreement by such nonresident that any original notice of suit so served shall be of the same legal force and validity as if personally served on him in this state.

"4. The term 'nonresident' shall include any person who

was, at the time of the accident or event, a resident of the state of Iowa but who removed from the state before the commencement of such action or proceedings."

It is clear from the terms of said section that it applies only to nonresident operators or owners of a motor vehicle and to civil actions and proceedings against them for damages growing out of the use and operation of motor vehicles.

It has nothing to do with miscellaneous and ordinary torts such as the injury received from the explosion of a giant firecracker. The quoted section has nothing whatever to do with the facts of the case at bar. The instant case is not in any manner similar to the above cited and quoted sections.

In appellee's argument her counsel does not call our attention to any other statute which would support her claim as to the Polk County court having jurisdiction over appellants who had become nonresidents of the state of Iowa.

The trial court was in error in overruling appellants' special appearance. The case is reversed and remanded with directions to the trial court to sustain the special appearance.—Reversed.

All JUSTICES concur.