Patricia DEL GUIDICE

v.

Albert F. ROBBINS, and Pharmex, Inc.

Civ. A. No. 75–54.

United States District Court,
D. Rhode Island.

March 29, 1976.

Leonard Decof, Providence, R.I., for plaintiff.

Joseph A. Kelly, John F. Dolan, Providence, R.I., for defendants.

## OPINION AND ORDER

PETTINE, Chief Judge.

Plaintiff, a resident of Rhode Island, brings this medical malpractice and products liability action against Dr. Albert F. Robbins, a physician, who now resides in Florida, and Pharmex, Inc., a Florida corporation that manufactured a certain drug with which defendant Robbins allegedly treated the plaintiff. During the period in which Dr. Robbins treated the plaintiff, he was a resident of Rhode Island and maintained offices and practiced his profession in Rhode Island. He subsequently moved to Florida and has resided in that state since November 1973.

This case is presently before the Court on defendant Robbins' motion to dismiss for lack of personal jurisdiction. It is contended, first, that there has been no lawful service of process upon this defendant, and second, that this defendant has no minimum contacts with Rhode Island sufficient to bring into operation this state's "long arm" statute.

If the Rhode Island long arm statute, R.I.G.L. § 9–5–33 has been properly invoked, there can be no doubt that there has been lawful service of process upon defendant Robbins. Rule 4(e) of the Federal Rules of Civil Procedure provides in part:

"Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons or of a notice . . . upon a party not an inhabitant of or found within the state . . . service may . . . be made under the circumstances and in the manner prescribed in the statute or rule."

Accordingly, reference must be made to the Rhode Island statute or rule relating to service of process upon nonresidents. Rule 4(e) of the Rules of Civil Procedure for the Rhode Island Superior Court provides in part:

"(e) Service Outside State; Personal Jurisdiction. When an individual or a foreign corporation is subject to the jurisdiction of the courts of the state, service of process may be made outside the state as follows:

(1) Upon an individual by delivery of a copy of the summons and complaint to him personally by any disinterested

person, or by mailing a copy of the summons and complaint to him by registered or certified mail, return receipt requested, or by any other method ordered by the court to give such individual notice of the action and sufficient time to prepare any defense thereto. . . ."

In the case at bar, defendant Robbins was served by way of certified mail, a method explicitly endorsed by Rhode Island Rule 4(e) where an individual is subject to the jurisdiction of the state courts to begin with. The only substantive basis for defendant Robbins' motion to dismiss, therefore, is that Robbins is not subject to jurisdiction under Rhode Island's long arm statute, which provides in pertinent part:

"Every foreign corporation, every individual not a resident of this state or his executor or administrator, and every partnership or association, composed of any person or persons, not such residents, that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island, and the courts of this state shall hold such foreign corporations and such nonresident individuals or their executors or administrators, and such partnerships or associations amenable to suit in Rhode Island in every case not contrary to the provisions of the constitution or laws of the United States. . . ." R.I.G.L. § 9–5–33

Defendant Robbins argues that, because he was a resident of Rhode Island at the time the alleged tort was committed, he cannot be considered a nonresident within the meaning of Rhode Island's statute. Neither precedent nor logic supports this position. The Rhode Island Supreme Court had occasion to construe § 9–5–33 in *Lucini v. Mayhew,* R.I., 324 A.2d 663 (1974). There the Court ruled that this provision did not create jurisdiction over an out of state defendant in an action concerning an out of state automobile accident simply because at the time of the accident, the defendant was a resident of Rhode Island. The basis of the Court's decision, however, was *not* that § 9–5–33 could not apply to a former resident of Rhode Island; rather the Court did apply the statute, but found that under the standard provided therein, the defendant did not have the necessary minimum contacts with the state of Rhode Island to create in personam jurisdiction.

To assert flatly that § 9–5–33 cannot apply to out of state defendants who were once residents of Rhode Island defies logic. To so construe the provision would mean that persons who commit torts in Rhode Island while residents but thereafter move to another state are totally immune from suit in Rhode Island courts, for they clearly could no longer be sued as Rhode Island residents. Since the legislature, through § 9–5–33, has gone so far as to extend jurisdiction over nonresidents who have never been residents of Rhode Island, it would be unreasonable to conclude that they did not intend Rhode Island's long arm jurisdiction to apply to former Rhode Island residents as well. Furthermore, in extending jurisdiction to the constitutional limit, *see* p. 306 *infra*, Rhode Island has expressed its policy to subject the greatest possible number of persons to its jurisdiction. Thus, the only interpretation of the term "nonresident" in § 9–5–33 that would serve both those goals is that "nonresident" means nonresident at the time of service.

The cases from other jurisdictions that defendant Robbins has cited to support his position are distinguishable. The statute construed by the Iowa Supreme Court in *Fagan v. Fletcher,* 257 Iowa 449, 133 N.W.2d 116, applied only to nonresident owners or operators of motor vehicles and had nothing to do with other types of torts, for which the plaintiff had tried to use the statute. Similarly, the statute construed by the Supreme Court of Oklahoma in *Genet v. Smith,* 400 P.2d 161, on its face applies only to persons who are nonresidents at the time the tort is committed, whereas the Rhode Island statute before this Court applies to "*every* individual not a resident of this

state" who has the necessary minimum contacts. (emphasis added).

■ The key question remaining before this Court, therefore, is whether or not defendant Robbins has had sufficient contacts with the state of Rhode Island to predicate application of §§ 9–5–33. The relevant standard is a broad one, for § 9–5–33 mandates the courts of Rhode Island "[to] hold such . . . nonresident individuals . . . amenable to suit in Rhode Island in every case not contrary to the provisions of the constitution or laws of the United States." Thus, the statute extends jurisdiction to the full limits of constitutional permissibility. *Del Sesto v. Trans World Airlines, Inc.,* 201 F.Supp. 879 (D.R.I.1962); *Conn v. ITT Aetna Finance Co.,* 105 R.I. 397, 252 A.2d 184 (1969).

■ The minimum contacts concept was first enumerated by the United States Supreme Court in *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The Court held that due process only requires that a defendant have minimum contacts with the state of such nature "that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 316, 66 S.Ct. at 158, 90 L.Ed. at 102. Although questions of the sufficiency of minimum contacts must ultimately be decided on a case-by-case basis, *Scott Brass, Inc. v. Wire and Metal Specialties Corp.,* 344 F.Supp. 711 (D.R.I.1972), there are several factors discussed by the Supreme Court in *International Shoe* which seem particularly relevant to the case at bar. In *International Shoe,* the foreign corporation had enjoyed the benefits and protection of the laws of the state of Washington, and the obligation sued upon arose out of those very activities.

Similarly in the present case, defendant Robbins practiced medicine under the regulation and protection of the laws of the state of Rhode Island for a period of three and one half years, and the tort he allegedly committed arose out of that activity.

Especially important in the case at bar is the fact that the alleged tort occurred in Rhode Island. In *Elkhart Engineering Corp. v. Dornier Werke,* 343 F.2d 861 (5th Cir. 1965), the Fifth Circuit held that jurisdiction could be asserted over a foreign corporation that allegedly committed a tort within the state, even though only an isolated transaction was involved.[1] The instant case is even stronger, of course, because the activity giving rise to the suit was not an isolated event. In *DeFazio v. Wright,* 229 F.Supp. 111 (D.N.J.1964), the Court was faced with a situation almost identical to the one presented by the case at bar. In *DeFazio,* the defendants allegedly injured the plaintiffs in a motor boat accident in New Jersey while residents of that state but thereafter moved out of the state. The Court found that there were sufficient minimum contacts to justify an action under New Jersey's long arm statute:

"Having enjoyed the benefits of residence here, including the use of this State's recreational facilities, it is fair and just to make [defendants] subject to the jurisdiction of this state's courts in connection with any claim which arose out of their enjoyment of those benefits." *Id.* at 116.

An additional factor considered by the Court was the convenience to the parties, noting that the defendants' long residence in New Jersey made it less inconvenient to defend the suit there than for the plaintiffs to bring suit in the

---

1. Although *International Shoe, Elkhart,* and many other cases applying the minimum contacts standard involved corporations rather than individuals, there is little doubt that many of the same principles apply. Thus, in *Calagaz v. Calhoon,* 309 F.2d 248, 255 (5th Cir. 1962), the Court said:

"When the acts take effect within the state of the forum, it would seem fair and reasonable for that State to open its courts to the aggrieved person whether the alleged wrong was committed by a real or fictitious person."

state of the defendants' present residence.

█ In light of all these factors, there can be little doubt that subjecting defendant Robbins to suit in Rhode Island is well within traditional notions of fairness and justice. Dr. Robbins practiced his profession in this state for over three years, enjoying the benefits and protection of Rhode Island law, and the alleged tort that is the subject of this action arose out of those activities and actually occurred in this state. Defendant Robbins was properly served under Rhode Island Rule of Civil Procedure 4(e), and has sufficient minimum contacts with Rhode Island to satisfy the requirements of R.I.G.L. § 9–5–33.[2]

Defendant Robbins' motion to dismiss for lack of jurisdiction is therefore denied. So ordered.

2. This decision should not be read as establishing a firm rule that minimum contacts are present in every case involving a tort committed in Rhode Island by a Rhode Island resident who later moves out of the state. Each case must be judged on its own facts; significant here is the fact that the alleged tort arose out of the defendants' "business" activities within the state, his medical practice.