**Danny D. JOHNSON, Appellant,**

v.

**William E. SMITH, Appellee.**

Court of Appeals of Kentucky.

May 27, 1977.

---

Paul H. Twehues, Jr., Newport, for appellant.

Bernard Blau, Newport, for appellee.

Before HAYES, HOWERTON and REYNOLDS, JJ.

HAYES, Judge.

This appeal is from a judgment of the Campbell Circuit Court granting the defendant/appellee's motion to dismiss the plaintiff/appellant's complaint as to him and to quash the return of summons served upon the defendant under the "long arm statute", KRS 454.210.

Danny D. Johnson was a student at Silver Grove High School. Apparently while testing some chemicals during class, an explosion occurred and Danny was seriously injured. William E. Smith was a teacher. Danny filed a complaint on October 16, 1974, against Smith, Bernard Sandfoss, Jr., the principal, and Paul Wright, the Superintendent of the Lawrence County Schools, claiming the negligence of the defendants was the cause of the explosion that resulted in the severe and permanent injuries to Johnson. The incident occurred in February, 1973, at which time Johnson was a minor.

Smith had moved from the Commonwealth of Kentucky to either Michigan or Ohio and was a non-resident when the suit was filed. Service of process was had on Smith through the Secretary of State under the provisions of the "long arm statute", KRS 454.210.

Smith, without entering his appearance, filed a motion to dismiss the complaint for lack of jurisdiction and to quash the return of summons served upon him because at the time of the injury to Johnson, he, Smith was a resident of Kentucky, and therefore, the long arm statute did not apply.

The Circuit Court entered an order on May 23, 1975, granting the appellee's motion to dismiss as to Smith only, leaving Sandfoss, Jr., and Wright as parties to the original action. The trial court stated that the order was a final and appealable order. This order was modified on June 16, 1975, a result of the appellant's motion filed June 2, 1975. The modified order deleted the statement that the order was a final and appealable order; otherwise it was the same as the original order of May 23rd.

Almost a year later, on May 21, 1976, an order of dismissal of the complaint was entered since the case had been settled by and between Johnson and Sandfoss, Jr., and Wright. From this final order, the appellant filed his notice of appeal. Two issues arise by virtue of this appeal:

(1) Is the appeal timely?

(2) Whether or not a non-resident defendant upon whom process is served pursuant to KRS 454.210 is amenable to the jurisdiction of the courts of Kentucky for a tortious act committed in this state when the defendant was a resident of this state.

We answer both questions in the affirmative and, therefore, reverse the judgment of the trial court. In fairness to the trial court, we must state that this decision results in a rule of law not heretofore stated in this commonwealth.

CR 54.02 states that where there are multiple parties involved in a suit and an order is entered granting a final judgment as to one or more but less than all the parties, the judgment *must* recite that it is final and that there is *no just reason for delay.* (Emphasis added). If the order does not recite this then it is not final and appealable and is therefore subject to modification at any time before entry of the judgment adjudicating *all* the claims. (Emphasis added).

CR 54.02(2) states:

When the remaining claim or claims in a multiple claim action are disposed of by judgment, that judgment shall be deemed to readjudicate finally as of that date and in the same terms all prior interlocutory orders and judgments determining claims which are not specifically disposed of in such final judgment.

■ Even though the original order of the trial court stated that it was a final and appealable order, the motion on behalf of Johnson under CR 59.05 to amend was timely and the trial court did "modify" (amend) the "order" (judgment) and delete the language required by CR 54.02. This "modified order" then under 54.02(2) became final and appealable on May 21, 1976, almost a year later, when the final disposition of all claims was entered by Campbell Circuit Court. See *Garrison v. White,* Ky., 332 S.W.2d 289 (1960) and *Linkous v. Darch,* Ky., 299 S.W.2d 120 (1957).

■ The second issue involved is apparently one of first impression in Kentucky. KRS 454.210 states, inter alia:

(1) As used in this section, "person" includes an individual, . . . who is a non-resident of this commonwealth.

(2)(a) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's: . . . 3. Causing tortious injury by an act or omission in this commonwealth.

The Kentucky legislature also enacted another so called long arm statute found in Chapter 188 of the Revised Statutes in regard to non-resident motorists. Of particular importance here is KRS 188.070: "The provisions of KRS 188.010 to 188.060 shall apply to any operator or owner of any

motor vehicle who is a resident of this state at the time any accident or collision or damage occurs and who thereafter becomes a nonresident."

Appellee contends this is an indication of the intent of the legislature not to extend KRS 454.210 to persons who are residents of this commonwealth when the tortious act, other than an auto accident, is committed. That line of reasoning continues that long arm statutes generally are contrary to common law, and that in construing statutes that are contra to common law, the intent of the legislature must be ascertained as nearly as possible and the statute narrowly construed. See *Mann v. Humphrey*, 257 Ky. 647, 79 S.W.2d 17 (1935). This line of reasoning, which the appellee would have this court adopt, is followed by a great many jurisdictions. See *Fagan v. Fletcher*, 257 Iowa 449, 133 N.W.2d 116 (1965), and general comments on the subject found in 62 *Am.Jur.2d* Process, Section 79, (1972).

Some courts, however, have used rather resourceful means to extend the particular long arm statute to apply to persons who are residents at the time of the act. The U.S. District Court in *Garcia v. Frausto*, 97 F.Supp. 583 (D.C.Mo.1951) used the wording in the title of the statute in question to indicate that the Missouri legislature meant by "an act to provide for the bringing of civil action against non-resident owners, users and operators of motor vehicles" that only one class of defendant was contemplated and that was a non-resident at the time of the "bringing" of the suit.

This court adopts the same reasoning in interpreting KRS 454.210. By use of the words, "(2)(a) *A court* may exercise personal jurisdiction over a person who acts directly or by an agent, as to *a claim* arising from the person's: . . .", the legislature meant that only defendants against whom a claim has been filed are contemplated, and the determining factor is whether that person is a non-resident at the time the *claim* is asserted *in court*. (Emphasis added).

It would appear any other construction placed upon KRS 454.210 would be unjust and defeat the intention of all "long arm" statutes, that intent being to give the *courts* jurisdiction over defendants who have caused injury to someone in a state and who now live elsewhere when a claim for that injury is presented. This idea conforms to traditional notions of fair play and substantial justice. It is of no significance where the defendant resided at the time of the tortious act. The Kentucky legislature recognized this and enacted KRS 188.070. And even though this particular statute may have been enacted as a result of the commonwealth's exercise of its police powers, there is no valid reason why this protection should not be extended to the citizens of this commonwealth under KRS 454.210. It is so held.

The judgment of the lower court on this issue is reversed and the trial court is directed to deny the motion to quash the serving of the summons on Smith.

All concur.